CASE 96—INJUNCTION TO RESTRAIN COLLECTION OF TAXES—
NOVEMBER 23.

# Royer Wheel Co. v. Taylor County, Etc.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. ASSESSMENT—EXCESSIVE VALUATION—METHOD OF CORRECTION.—
   A court of equity has no jurisdiction to enjoin the collection of
   taxes upon what is alleged to be an excessive valuation. The
   remedy provided by the act of March 15, 1894, of appeal to
   the county judge within ten days after the final adjournment
   of the Board of Supervisors, is exclusive.
2. COUNTY TAXES TO BE PAID ON VALUATION FIXED BY BOARD OF
   EQUALIZATION.—When a county levies an *ad valorem* tax, it is
   to be collected upon the valuation as finally fixed by the
   State Board of Equalization.

S. A. RUSSELL FOR APPELLANT.

> The valuation fixed by the State Board of Equalization is applicable alone to State taxes. Hill, &c. v. Russell, &c., —— Ky., ——.

H. S. ROBINSON FOR APPELLEE.

1. The aggrieved taxpayer must pursue the remedies prescribed by statute. Courts of equity have no jurisdiction.
2. The valuation fixed by the State Board of Equalization is for all purposes, county as well as State. Russell v. Carlisle & Litsey, 10 Ky. Law Rep., 25.

S. A. RUSSELL FOR APPELLANT IN A PETITION FOR REHEARING.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

In this action appellant seeks to have its tax list corrected, upon the grounds that it was improperly assessed, and that the valuation placed upon its property is excessive. The proof as to the assessment is conflicting. The general manager of appellant testifies that the assessor of Taylor county, "or one of his deputies," called upon him for appellant's tax list just as he was starting to Lebanon; that he informed him that he had given a list to the town assessor, and that that list was satisfactory to the company, and, if that list would be satisfactory to him (the assessor) for the county assessment, it would be satisfactory to the company; that the assessor replied that he would accept the list as given in to the town, and that he relied upon this agreement on the part of the assessor, and was prevented thereby from going before the Board of Supervisors, as he did not know that any other valuation had been placed upon appellant's property until after the final adjournment of the board of supervisors. On the other hand, the deputy assessor testifies that he called upon the manager of appellant for its list soon after he began his duties as assessor for the year, and that he

declined to give it, on the ground that he was just start-
ing to the town of Columbia; that subsequently he again
called upon the manager for the list, who then informed
him that he was going to Lebanon, and that he told wit-
ness to go ahead and take the list himself; and that, pur-
suant to these directions, he did go upon the premises of
appellant, and make out a carefully itemized list of its
property, fixing thereon a fair and reasonable valuation.

The statute provides that, after a taxpayer has given in
his list, the assessor may fix a valuation thereon, but he
has ordinarily no power to make the assessment without
such list; and, if the taxpayer fails or refuses to give the
list to the assessor, it is his duty to report the delinquent
to the supervisors.   But, if the list of appellant was made
out by the assessor at the suggestion and instance of ap-
pellant, it can not be heard to complain that the assess-
ment was made by the assessor without the list having
been previously made out and furnished by it; and this is
a question of fact, which has been properly passed upon
by the court below.

There is no contest made over the items assessed, the
whole complaint being that the valuation placed thereon
is excessive.   It was held in Ward v. Beale, 91 Ky., 60 [14
S. W., 967], that there was no revisory power to correct
an assessment placed upon property after the Board of
Supervisors had acted thereon; but after the opinion was
rendered in that case the Legislature, by the act of March
15, 1894, provided that, "if any taxpayer should feel him-
self aggrieved by the action of the Board of Supervisors,
he may appeal to the county judge of the county *within
ten days after the final adjournment of said board.*"

It was the duty of appellant to furnish the list when
called upon by the assessor, and, if it was not convenient

for it to do so at that time, it should have made out a list of its property and furnished it within a reasonable time thereafter; and, if the valuation placed upon the property by the assessor was thought exorbitant, it had a right to a hearing before the Board of Supervisors; and, if it felt itself aggrieved by the action of the Board of Supervisors, it could have appealed to the county judge within ten days after the final adjournment of that board. This is the remedy provided by the statute.

Besides, individual grievances as to assessment, which are founded only upon opinion that the property has been assessed too high, furnish no ground for enjoining the collection of taxes due either the State or county. See Russell, Sheriff, v. Carlisle, etc., 10 Ky. Law Rep., 285 [8 S. W., 14]. And the soundness of this position is evident. If taxpayers, upon a mere opinion of excessive valuation, can prevent by injunction, the collection of the revenues due the State or county, confusion and inconvenience would speedily result therefrom.

It is also contended for appellant that, where the valuation of property is raised by the State Board of Equalization, the raise applies only to State taxes, and does not affect the valuation fixed upon the property by the County Board of Supervisors for the county revenue and other special taxes. Section 1839, Ky. Stat., provides that "the fiscal court shall levy an *ad valorem* tax on all property subject to taxation within the county *as assessed for State purposes;*" and section 1853 provides that, "where special taxes are levied to pay interest and bonds, the taxes shall be collected by the officer whose duty it is to collect the State and county revenue, and at the time and in the manner provided for the collection thereof." There is nothing in the statute which indicates that county taxes

should be collected upon a different basis of assessment from that upon which the State taxes are collected. On the contrary, it is evident that all these taxes, which are collected at the same time and by the same officer, must be levied and collected on the same assessment.    By the failure of appellant to pursue the remedy provided by the statute, it has lost its right to complain where the sole ground relied on is excessive valuation.    Wherefore the judgment is affirmed.