## Durbin, Sheriff v. Ohio Valley Tie Company.

(Decided December 6, 1912.)

### Appeal from Estill Circuit Court.

Assessment of Property—Board of Supervisors—Assessment Void When Made Without Notice.—An assessment made by the Board

of Supervisors without notice to the taxpayer as provided by the statute, is void.

CLARENCE MILLER for appellant.

RIDDELL & FRIEND for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The Ohio Valley Tie Company is a corporation having its principal office and place of business in Glendeane, Breckinridge County, Kentucky. It bought a number of ties on Station Camp Creek and its tributaries, which it floated down to Irvine, and there loaded them on the cars by means of a hoist which it maintains. It failed to give in a list of its property to the assessor as of September 1, 1908. The County Board of Supervisors in January following made an assessment of its property at $11,500. The sheriff demanded payment of the taxes and was about to enforce collection by a levy when it brought this suit to enjoin the collection of the taxes on the ground that the assessment was void. On a final hearing of the case the circuit court perpetuated the injunction. The sheriff appeals.

The facts of the case as shown by the record are these: Previous to 1904 the Dean Tie Company was in business in Estill County. In that year, however, it went out of business and was succeeded by the Ohio Valley Tie Company. The Board of Supervisors after making the assessment referred to adjourned for a week and directed notice to be given to the persons against whom assessments had been made. A notice was sent to the Dean Tie Company of an assessment against it. This notice was received by a man named Scrivener, who a month or more afterwards gave it to the general manager of the Ohio Valley Tie Company. This was the first notice that he had of the assessment by the Board of Supervisors and it was some time after the board had adjourned. He then went before the county court and moved that court to exonerate the company from the assessment, but the county court refused to entertain the motion or allow any entry to be made of it. Thereupon this suit was brought. The company offered to pay the taxes upon the property, which it in fact had in the county, excluding from the assessment the ties it owned, which were in transit through the

county. The circuit court enjoined the collection of the excess of the taxes over and above the amount which the company admitted it owed. We give some weight to the finding of the chancellor on questions of fact and we cannot say that the chancellor erred in holding under the evidence that the company had no notice of the assessment made by the Board of Supervisors or that the amount of the tax which he required it to pay was less than it really owed. In Mt. Sterling Oil Co. v. Ratliffe, 127 Ky., 1, we held that an assessment by the board without notice to the taxpayer was void. We said:

"While the Board of Supervisors seem to be empowered to assess all property that may have escaped the notice of the assessor, even though the name of the owner be undiscovered, it is without authority either to assess or increase an assessment of property without notice to the taxpayer."

This case was followed and approved in Ward v. Wentz, 130 Ky., 705. In that case we further said:

"Under our statute the Board of Supervisors is given large powers and a wide discretion. Where its procedure is in conformity to the statute, its action is conclusive. In view of the large powers given, it should therefore proceed in strict conformity to the statute. The notice therein required is a jurisdictional fact, and, unless it is given, the Board of Supervisors has no power to act. Although appellees' agent knew the assessment had been raised, he did not appear before the board for the purpose of having it reduced. Such knowledge on his part did not dispense with the necessary notice required by the statute. If, however, he had actually appeared before the Board of Supervisors for the purpose of securing a reduction, this would have dispensed with the necessity for notice, as the entry of an appearance by a party to an action dispenses with the necessity for the service or process."

These decisions are conclusive of the case before us.

Judgment affirmed.