# Ball, Sheriff, v. P. V. & K. Coal Company.

(Decided October 7, 1930.)

GEORGE R. POPE for appellant.

J. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The P. V. & K. Coal Company, a Delaware corporation owning property in the county of Harlan, brought this action against the sheriff of that county, and others,

to enjoin the collection of taxes based on an assessment for the year 1928, to the extent of the raise made by the county tax commissioner. From a judgment granting the relief prayed, this appeal is prosecuted.

The facts are these: On September 22, 1928, the coal company acting through its chief officer and agent, J. Springer Robinson, listed its property as of July 1, 1928, as follows:

Number of acres of coal land, 740.
Value of coal leases, $7,400.
Value of permanent improvements on coal leases, $8,990.
Total value of leases and permanent improvements of coal leases, $16,390.
Value of coal mining equipment, $13,310.
Total valuation, $29,700.

In the appropriate columns provided in the schedule for that purpose, the county tax commissioner fixed the value of the improvements at $20,000, the total value of leases and improvements at $27,400, the value of coal mining equipment at $25,000, the value of goods, wares, and merchandise at $2,000, making a total valuation of $54,400; which total he inserted above the figures fixed by the taxpayer. On September 26, 1928, the tax commissioner notified the coal company of the raise, and further that the board of supervisors would meet on the second Monday in February, 1929, at which time he could appear before the board and object to the raise if he so desired. In response to this notice, Mr. Robinson, representing the company, appeared before the board. According to his evidence, only one member of the board, H. H. Bennett, was present, and he did not seem to know anything about the raise. At that time he objected to the raise and told Mr. Bennett that he had given in his list as high as he thought it was worth. After that he received no notice of any kind from the board. Later on he appeared before the board and was informed by Mr. Ewell Howard that, as he had received no further notice, evidently his figures must have stood as listed. After that he received no notice whatever that his list had been raised by the board of supervisors, and on examining the books could find no record of any minutes showing that the company's assessment had been raised. According to Mr. Bennett, Mr. Robinson came before the board

and complained that his list was too high. He did not know whether any action was taken on the raise by the board as a board, but he thought that the board did act on the raise. His understanding was that if the assessor raised the list and the board did not take any action on it, it stood as raised. M. G. Smith, the county clerk, testified that the minute book did not show any raise by the board. The custom was when a raise was made by the board to put the figures in red ink. There were no figures in red ink on the P. V. & K. Coal Company's list. The coal company's assessment looked like an original assessment in the original figures of the tax commissioner. On cross-examination he stated that the lists made by the tax commissioner were submitted to the board, and the board either approved, lowered, or raised, as it saw fit. The coal company's list was before the board for consideration. The assessor's book does not show any raising or lowering of the coal company's list as made by the tax commissioner. The board never issued any notice unless it changed the figures that the tax commissioner made on his books. Will Roark, the tax commissioner, testified to the making of the list by Mr. Robinson, and to the changes made by him, and to the fact that proper notice of the raise was given. He always furnished the board of supervisors with a list of raises made by him. Where the board of supervisors makes any changes on a list made by him, it was done by means of figures in red ink over or under his figures. If the board did not change his figures it was okay with the list made by him. On completion of its work the members of the board signed the following certificate:

"We, the undersigned Board of Supervisors of Harlan County, Kentucky, certify that as such Board we began our sittings on the ———— day of February, 1929, and completed our work and adjourned on this ———— day of March, 1929, and that in all we have been in session 25 days; that we have gone over all of the lists on the Tax Commissioner's book made as of July 1st, 1928, for the taxes in Harlan County for the year 1929 and that we have not placed any list at a less or greater value than we believe would be a fair cash value of said property.

"Given under hands, this ———— day of March, 1929."

Under our law the county tax commissioner is the assessing officer. He is not required to accept the schedule of the taxpayer, or the valuation placed on the various items of property. On the contrary, he may exercise his own judgment, and not only add items to the list, but may increase the valuations made by the taxpayer. However, if he adds an item of property under section 4051b, Kentucky Statutes, or increases the valuations made by the taxpayer, he must notify the taxpayer of the amount of such item, or of the amount of such increase, and of the time and place of the meeting of the board of supervisors. Section 4053, Kentucky Statutes; Boske v. Louis Marx & Bros., 161 Ky. 460, 170 S. W. 1175; Negley v. Henderson Bridge Co., 107 Ky. 414, 54 S. W. 171. If the taxpayer feels aggrieved, he must then appear before the board of supervisors for relief. If the board adds to the assessment or raises the assessment made by the tax commissioner, notice of its action should be given to the taxpayer. Section 4122, Kentucky Statutes. If it merely approves the assessment made by the tax commissioner, no notice is necessary. Furthermore, any informality or irregularity in the execution of their duties as supervisors, and any failure on their part, does not render any assessment invalid. But any taxpayer feeling himself aggrieved by the action of the board may appeal to the quarterly court within 30 days after the final adjournment of said board, thence to the circuit court, and thence to the Court of Appeals. Section 4128, Kentucky Statutes; Eminence Distillery Co. v. Henry County Board of Supervisors, 178 Ky. 811, 200 S. W. 347. Under the repeated decisions of this court, the remedy thus afforded the taxpayer is ordinarily exclusive. Royer Wheel Co. v. Taylor County, 104 Ky. 741, 47 S. W. 876, 20 Ky. Law Rep. 904. And an injunction will not lie unless the assessment is void for want of notice. Negley v. Henderson Bridge Co., supra. Here as before stated the aggrieved taxpayer appeared before the board of supervisors and argued against the raise made by the assessor. It was customary for the board, if it changed the assessment made by the tax commissioner, to indicate its action in red ink above or below the figures made by the tax commissioner. In this case no change was made in the figures of the tax com-

missioner. Not only so, but the members of the board of supervisors signed the certificate above set out stating that they had gone over all the lists on the tax commissioner's books and had not placed any list at a less or greater value than they believed would be a fair cash value of the property. In the circumstances the action of the board was an approval of the raise made by the tax commissioner, and the taxpayer having received notice of the raise, and having been given an opportunity to appear before the board of supervisors for the purpose of having the assessment reduced, his only remedy was an appeal, which he failed to take.

But it is suggested that this case falls within the rule announced in Farmers' Bank of Somerset v. Board of Supervisors of Pulaski County, 225 Ky. 246, 8 S. W. (2d) 401. In that case it was alleged, and not denied, that the matter was never before the board of supervisors, and that the supervisors never took any action thereon. It further appeared that the appeal was prosecuted from the assessment made by the tax commissioner directly to the quarterly court, and thence to the circuit court. The court held that the appeal to the quarterly court was unauthorized, and for that reason neither the court nor the circuit court on appeal acquired jurisdiction to correct the assessment. In this case the board did act, and, as before stated, the taxpayer should have appealed from the action of the board.

It follows from what has been said that the coal company was not entitled to injunctive relief.

Judgment reversed, and cause remanded with directions to dismiss the petition.