## Kentucky National Park Association v. Reed, Sheriff.

(Decided Oct. 3, 1933.)

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

PLEAS SANDERS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Sections 4023 and 4052, Ky. Stats., require all taxable assets to be assessed as of the 1st day of July in the year listed. Section 4049 provides that all real estate or interest therein shall be listed against the owner of the first freehold estate. Section 4052 further provides that "the person owning or possessing same on that day [July 1st, in the year listed] shall list it with the assessor, and remain bound for the tax, notwithstanding he may have sold or parted with the same." Section 4023 reads in part:

"If the property be sold before January 1st, of the year in which the taxes are due and payable, then as between the purchaser and seller, and in absence of any contract to the contrary, it shall be the duty of the purchaser of the property to pay the taxes thereon; and if the property is sold after January 1st, in the year in which the taxes are due and payable, it shall be the duty of the seller to pay the taxes thereon."

This section controls the duties of the seller and purchaser, but in no way affects the commonwealth.

The Mammoth Cave Development Company, on July 1, 1931, was the owner in fee of 14 tracts of land situated in Edmonson county, Ky. It listed the property with the county tax commissioner as of July 1, 1931, at $64,500. Thereafter, in February, 1932, the board of supervisors of Edmonson county, in the exercise of the power conferred on it by section 4120, Ky. Statutes, raised the valuation of the 14 tracts to $200,000. Notice of the raise in the assessment of the property was delivered to the sheriff of Edmonson county for execution. It was returned indorsed, "Executed by delivering a true copy of the above notice to L. A. Fergerson, this the 22nd day of February 1932. Geo. W. Reed, S. E. C. by T. Gibson, D. S." On January 4, 1932,

the Mammoth Cave Development Company conveyed the 14 tracts to the Kentucky National Park Commission by deed, with covenant of general warranty. The Kentucky National Park Commission was created and its duties and powers defined by the Acts of 1928 of the General Assembly of Kentucky, c. 164 (section 3766e-1 et seq.), with power to "sue and be sued, contract and be contracted with, and receive, take, preserve, hold, manage, barter and convey, land, caves, cave rights, money and other property for National Park purposes." Section 3766e-1.

It instituted this action in the Edmonson circuit court setting forth the foregoing facts, and further charged that the Mammoth Cave Development Company was and is primarily liable for the taxes properly assessed against the 14 tracts, but that it had no personal or real property in Edmonson county, or within the jurisdiction of the courts of the commonwealth, and that the sheriff of Edmonson county is threatening to sell a sufficiency of the land to pay the taxes thereon, and will do so unless restrained by the court, and that A. L. Ferguson, upon whom notice was served, was not the authorized agent or official or in anywise connected with the Mammoth Cave Development Company, nor an authorized agent or official of the Kentucky National Park Commission, and that the notice of the raise in the valuation by the board of supervisors of the property was not given to the Mammoth Cave Development Company, "in the manner provided by section 4122, Ky. Statutes."

The import of the pleading is that the Kentucky National Park Association acquired title to the land on January 4, 1932, subject to the lien of the county and commonwealth for the taxes as per the raise in the valuation thereof by the board of supervisors of Edmonson county, but that the raise in the assessed valuation is void as against it for the want of notice to it, as well as to the Mammoth Cave Development Company. The Mammoth Cave Development Company was not made a party to the action. A special demurrer was filed to the petition and sustained by the court because the Park Association had no legal right or capacity to sue. The Kentucky National Park Association appeals.

Notice to the taxpayer of the intention to raise, in advance of the raising of the assessment of his property

for taxation by the county board of supervisors, is essential and required to give validity to its act. In the absence of notice to him in the manner and form provided by section 4122, the increase in the assessment is invalid and unenforceable. Mt. Sterling O. & G. Co. v. Ratliff, 127 Ky. 1, 104 S. W. 993, 31 Ky. Law Rep. 1229; Durbin v. Ohio Valley Dye Co., 151 Ky. 74, 151 S. W. 12; Ward v. Wentz, 130 Ky. 705, 113 S. W. 892; Ball v. P. V. & K. Coal Co., 235 Ky. 445, 31 S. W. (2d) 707. The return of the sheriff showing the execution of the notice on L. A. Ferguson prima facie is insufficient. If the facts authorize it, it may be amended or the insufficiency thereof may have been waived by the conduct of the Mammoth Cave Development Company.

The action of the board of equalization is binding on the owner and the purchaser of the land subsequent to July 1st of the year in which the assessment is made, until it is set aside, modified by an action to which both of them are parties.

That portion of section 4023, Kentucky Statutes, defining the duties of the purchaser and seller where the land is sold after the 1st day of January, and declaring the purchaser shall pay the taxes, does not dispense with nor relieve the owner of July 1st of the year in which the assessment is made of his obligation to the commonwealth, county, and other taxing districts, to pay the taxes according to the assessed value thereof.

But, the purchaser in this case, the Kentucky National Park Association, acquired the land subject to lien for taxes, and on proper and sufficient allegation, making the Mammoth Cave Development Company a party either as a plaintiff or defendant, may attack the lien or assessment on which it is based. The order of the court sustaining the special demurrer went further, and declared that the Kentucky National Park Association did not have the capacity to sue at all. This was error.

For this reason the judgment is reversed for proceedings consistent with this opinion.