## Kentucky National Park Commission v. Reed, Sheriff.

(Decided Nov. 28, 1933.)

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

PLEAS SANDERS and B. M. VINCENT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Overruling motion.

An opinion was rendered in this case on June 23, 1933, affirming the judgment of the lower court. On July 17, 1933, appellant filed a petition for rehearing, and on October 3, 1933, the petition for rehearing was granted and the former opinion was withdrawn and a new opinion delivered reversing the judgment. The two opinions were the same in all respects, except that in the last opinion it was held that the order of the trial court sustaining the special demurrer went too far in declaring that the Kentucky National Park Association did not have the capacity to sue, and it was for this reason that the judgment was reversed.

The judgment of this court reversing the judgment of the lower court became final thirty days thereafter, excluding Sundays. The opinion has been published and may be found in 250 Ky. 525, 63 S. W. (2d) 614. On November 14, 1933, after the mandate had issued, the appellee filed a motion to withdraw and set aside the opinion rendered on October 3, 1933, because he had no notice that a petition for rehearing had been filed and no copy of same was furnished to him or to his counsel. Rule IX of the Court of Appeals provides that:

"A party filing a petition for rehearing must, before filing the same, furnish to the adverse party or his counsel a copy of the petition, and file with the petition a statement that he has delivered the copy required together with the date of such delivery. The adverse party shall have ten days after the receipt by him or his counsel of such copy to file a response if he so desires."

The purpose of this rule is to afford the adverse party an opportunity to respond to the arguments made by the party who is petitioning for a rehearing.

When the last opinion was rendered, on October 3, 1933, a copy was sent to appellee's attorney. He then had notice that a petition for rehearing had been filed and that it had been sustained. He had thirty days, excluding Sundays, after October 3, 1933, in which to file a petition for rehearing or to move the court to set aside the opinion in order that he might have an opportunity to respond to the petition for rehearing which had been filed on July 17. Neither of these steps was taken, but after notice that a second opinion had been rendered he waited until the judgment had become final before moving to set it aside. The rule requiring the party filing the petition for rehearing to furnish to the adverse party or his counsel a copy of the petition is merely a rule of court intended for the benefit of the adverse party and is not governed by the provisions of chapter 2, title 14, of the Civil Code of Practice.

In the circumstances, if it is conceded that neither appellee nor his counsel had notice of the filing of the petition for rehearing, he had ample opportunity to object after the second opinion was rendered and before the mandate issued, and the court concludes that the motion to set aside the second opinion should be overruled, and it is so ordered.