## Buckner, Mayor, et al. v. Clay.

December 12, 1947.

Wm. J. Baxter, Judge.

J. Smith Hays and William Hays for appellants.

T. Stanley Clay for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This action challenges the right of the City of Winchester to increase the assessment of real and personal property for city taxes without notice to the taxpayer.

On July 11, 1946, appellee, Floyd W. Clay, filed his petition in the Clark Quarterly Court against appellants, Allen Buckner, Mayor, City of Winchester, Sam W. Powell, and Thos. Nunan, Commissioners, City of Winchester, and Asa Kidd, Tax Collector.

Appellants filed special demurrer, which the court overruled, and declining to plead further, judgment was rendered for appellee.

Appellants then took an appeal to the Clark Circuit Court, where both special and general demurrers were filed and overruled, and declining to plead further, judgment was entered for appellee. This appeal results.

Appellee has filed motion to dismiss on the grounds that this court does not have jurisdiction for the reason that the amount involved is only $40.25. This motion was properly overruled since this court has repeatedly

exercised its jurisdiction in cases involving questions of taxation, no matter how small the amount involved. See Willis et al. v. Thornton, 78 S. W. 215, 25 Ky. Law Rep. 1521.

Appellants are here insisting that the court erred, first in overruling its special demurrer challenging plaintiff's petition because it showed there is a defect of parties defendant. They insist in brief that since the matter involves taxes due the City, the City is a necessary and proper party to the action, and that since it was not made a party nor was served with a summons, it was not before the court. We conclude from the judgments entered below that the question of the City as a necessary party was not contested before those courts, for in each of the judgments overruling the special demurrer, both in the Quarterly and Circuit Courts, we find the following language: "This cause having been heard on the special demurrer, Allen Buckner, and others, to the plaintiff's petition, because it does not name the City School Board as parties defendant, * * * ." It is nowhere contended here in appellants' brief that the City School Board was a necessary party, but they are here now saying that the City of Winchester is a necessary party. In view of our conclusion with respect to the general demurrer it becomes unnecessary to say anything further relative to the special demurrer.

Appellants next insist that the court erred in overruling the general demurrer. They insist that the petition contains none of the necessary allegations; that it does not state who increased the assessment; that there is no claim that appellee's property was not assessed at its fair cash value, or that the assessment is excessive or unreasonable; that the Board of Supervisors did not review the assessment; that the Board was without jurisdiction; that the assessment was made by fraud or collusion; that appellee made any effort to secure a correction, or sought any relief prior to the institution of this action; or that he requested a correction or adjustment of the assessment. They insist that KRS 92.460 and 92.480 prescribe assessment procedure and equalization of assessments in third class cities, and that no claim is made that this procedure

was not properly followed, or any step required by those sections was not done. Consequently, the general demurrer testing the sufficiency of the petition should have been sustained. In support of their position they cite Collins v. Parrent, Clerk, et al., 187 Ky. 592, 219 S. W. 1072, and City of Corbin and Others v. Board of Education of City of Corbin and Others, 206 Ky. 787, 268 S. W. 560.

It becomes necessary then to look at the petition. Appellee alleged that he had been rendered a statement for his 1946 taxes on his property at 212 South Maple Street by the City Tax Collector, Asa Kidd, showing an increase in his assessment on the property in the sum of $1750. He alleged that the increase in the assessed value of the property was void for the reason that it was made without giving notice to him of the increase, and prayed that the increase in assessed value be declared void and that the assessment remain as before the increase. Consequently, the question is: Was the increase void due to lack of notice? If there was notice the question must be answered in the negative. On the other hand, if there was no notice, the answer will be in the affirmative.

We have no difficulty in concluding that the petition states a cause of action. It is based clearly on failure to give notice of the increase. KRS 92.480 reads as follows:

"The provisions of the statutes governing the county supervisors of tax shall, as far as applicable, govern cities of the third class, except as otherwise provided in this chapter."

KRS 133.120 provides in part:

"The notice shall be given by the tax commissioner or his deputy by registered mail or as provided in the Civil Code of Practice, * * *."

In the case of Kentucky National Park Ass'n v. Reed, Sheriff, 250 Ky. 526, 63 S. W. 2d 614, 615, it was said:

"Notice to the taxpayer of the intention to raise, in advance of the raising of the assessment of his property for taxation by the county board of supervisors, is

essential and required to give validity to its act. In the absence of notice to him in the manner and form provided by section 4122, the increase in the assessment is invalid and unenforceable. Mt. Sterling O. & G. Co. v. Ratliff, 127 Ky. 1, 104 S. W. 993, 31 Ky. Law Rep. 1229; Durbin v. Ohio Valley Tie Co., 151 Ky. 74, 151 S. W. 12; Ward v. Wentz, 130 Ky. 705, 113 S. W. 892; Ball v. P. V. & K. Coal Co., 235 Ky. 445, 31 S. W 2d 707.''

Our position was reaffirmed and the above quoted with approval in the case of Burnside Supply Co. v. Burnside Graded School, 260 Ky. 482, 86 S. W. 2d 160.

In Durbin v. Ohio Valley Tie Co., cited above, we said (151 Ky. 74, 151 S. W. 13):

''The notice therein required is a jurisdictional fact, and, unless it is given, the board of supervisors has no power to act.''

And now we come to the real difficulty in the matter. As suggested by appellee there may be waiver of defect of parties by failure to file special demurrer. This is true where and when an enforceable judgment may be obtained against the parties to the action. In that respect it is necessary to keep in mind indispensable or necessary parties as distinguished from proper parties. If there is a failure to join as parties defendant those whose interests are inseparable from those who are named defendants and whose interests will necessarily be affected by the judgment sought, then we are confronted with an insuperable obstacle to the determination of the case. Indispensable parties have been defined as those who have such an interest in the subject matter that a judgment cannot be made without affecting their interest. Who are necessary or proper persons in actions by or against municipal corporations depends largely upon the nature of the action and the relief sought. Section 18 of our Civil Code of Practice says:

''Every action must be prosecuted in the name of the real party in interest.''

The general law is stated in McQuillin Municipal Corporations, Volume 6, paragraph 2657, as follows:

"Accurately, suits by or against a municipal corporation should be in its corporate name and not by or against the individuals composing it, or the council, or its officers, or its corporate authorities."

See also Lewis et al. v. Board of Councilmen of Frankfort et al., 305 Ky. 509, 204 S. W. 2d 813.

Here, it is the City that exacts the tax. Any increase in taxes resulting from an increased valuation would be due the City. The stated cause of action would have been good as against the City but since the named defendants, either as individuals or officers, have no actual personal pecuniary interest in the matter, the petition states no cause of action against them and a judgment so obtained would be ineffectual unless the City had been made party to the action.

Since, as stated above, it appears that the defendants below did not challenge the defective parties as to the City thereby giving the court below an opportunity to pass on that question, and since the court did not require the City to be made a party to the action, the general demurrer should have been sustained.

Wherefore, the judgment is reversed.