### MERCHANTS WHOLESALE GROCERY CO. v. CITY OF FRANKFORT et al.

Court of Appeals of Kentucky.

Dec. 14, 1951.

Woodward, Hobson & Fulton, Louisville, Ardery & Hobson, Frankfort, for appellant.

Frank M. Dailey, Frankfort, for appellee.

STANLEY, Commissioner.

The appellant seeks a judicial declaration that it is not subject to the ordinance of Frankfort adopted May 1, 1950, which imposes a license tax of $75 annually on wholesale groceries doing business within the city. The circuit court adjudged liability and refused the injunction prayed.

The appellant's store is located in Louisville. It solicits orders for canned meat from Frankfort retail groceries through its salesmen, delivers the goods sold by truck and collects the bills by mail or its salesmen. The manner of doing business is the same as that described in Jellico Grocery Company v. City of Whitesburg, 286 Ky. 470, 151 S.W.2d 35, which held the Grocery Company subject to the license of that city. The appellant concedes the power to enact an ordinance imposing such a license but contends that the ordinance of Frankfort does not do so. It is said in the appellant's brief that Frankfort has adopted an amended ordinance, which was effective May 1, 1951, that covers its operations.

It would appear that since only $75, the license for one year, is involved, this court is without jurisdiction to consider the appeal. KRS 21.060. Our construction of the statute is that it does not deny jurisdiction though the amount be small

where injunctive relief is sought. Kentucky Unemployment Compensation Commission v. Chenault & Orear, 295 Ky. 562, 174 S.W.2d 767, or where a matter of taxation is involved. Buckner v. Clay, 306 Ky. 194, 206 S.W.2d 827. This, it may be said, is because an illegal tax is oppressive, however small. Such was the British tax on the tea which our colonial fathers threw overboard at Boston harbor. Higgins v. Prater, 91 Ky. 6, 14 S.W. 910, 12 Ky. Law Rep. 645. We therefore take jurisdiction.

Section I of the Frankfort Ordinance prescribes: "Within the corporate limits of the City of Frankfort, Kentucky, it shall be unlawful for any person, firm, or corporation to engage in any business * * * or to sell or offer for sale any article of goods, wares or merchandise named in this ordinance without first having procured a license so to do and paid the required license tax therefor."

Section II prescribes that any such person, firm or corporation "owning, operating, conducting, or engaging in any of the following businesses, occupations, trades or professions * * * shall pay the amount of license tax herein provided." Then follows the list with the several amounts stipulated. It lists: "Groceries, wholesale, $75.00."

The appellant submits that this item, in connection with the terms of Section I of the ordinance, is confined to wholesale groceries having their stores, warehouses, or offices located "within the corporate limits of the City of Frankfort," and does not include outsiders or nonresidents who merely sell and deliver goods in the city. In the Whitesburg case, supra, the ordinance had a specific clause to cover nonresident wholesale groceries. It is of significance that the Frankfort ordinance is silent as to an outside wholesale grocery doing business in the city in the manner prescribed but does specifically license "nonresident bakeries," "nonresidents of the city who do not manufacture and produce within the limits of the city but who wholesale soft drinks therein," "nonresident cleaners and pressers," nonresident florists, laundries and linen supply service who do business in the city through agents. The maxim, expressio unius est exclusio alterius, i. e., the mention of one thing implies the exclusion of another, though of limited application in this connection, may be regarded as aiding in the construction. Another aid is that in case of doubt a taxing statute is construed favorably to the taxpayer.

Though the appellant is doing business within Frankfort, yet it is in a manner and extent different from that of a local establishment. We construe the ordinance as drawing a distinction between the two classes of wholesale groceries and that it does not require a license of the appellant. Therefore, the appellant is entitled to the declaration and the injunction sought.

Judgment reversed.