**COMMONWEALTH ex rel. v. ST. MATTHEWS GAS & ELECTRIC SHOP, Inc.**

**COMMONWEALTH ex rel. v. KENTUCKY GAS SERVICE, Inc.**

**COMMONWEALTH ex rel. v. BUTLER PLUMBING & HEATING CO., Inc.**

Court of Appeals of Kentucky.

Oct. 24, 1952.

Rehearing Denied Dec. 12, 1952.

J. D. Buckman, Jr., Atty. Gen., Hal Williams, Asst. Atty. Gen., Douglas W. Faris, Louisville, for appellant.

Henry J. Burt, Jr., Louisville,for appellees.

WADDILL, Commissioner.

The Commonwealth appeals from three judgments of the Jefferson Circuit Court disallowing retroactive assessment of intangible property for taxation in excess of 3 years from the filing of the Commonwealth's petition and denying penalties which the Commonwealth sought to assess under the provisions of KRS 132.290, 132.-330, and 132.340. Appellee contends, and the court apparently held, that the penalty provisions of KRS 132.290 whereby 100% penalty is levied against a taxpayer who fails to list intangible property for assessment, plus a 20% penalty in case the Commonwealth brings an action to collect the tax and penalty, are in contravention of Section 1, subsection 5, Section 2, and Section 26 of the Constitution of Kentucky.

Question has been raised as to whether the amount in controversy is sufficient to give us jurisdiction. However, this Court will exercise jurisdiction in cases involving questions of taxation regardless of the amount in controversy. Merchants Wholesale Grocery Co. v. City of Frankfort, Ky., 244 S.W.2d 468; Buckner v. Clay, 306 Ky. 194, 206 S.W.2d 827.

Revenue raised by taxation is the very life blood of the state, and the power

674

to impose penalties to insure compliance with tax statutes is coeval with Government. This Court is not concerned with the wisdom or expediency of the determination of the legislature as to what penalties are necessary in order to ensure compliance with the statute. Our sole concern is whether or not the penalty imposed is arbitrary or confiscatory. Kentucky Tax Commission v. Lincoln Bank & Trust Co., Ky., 245 S.W.2d 950.

We cannot say that the penalties exacted under KRS 132.290 exceed the limitations placed upon the legislature by our constitution.

The sections of our statutes in question provide for retroactive assessment of omitted intangibles within a period of 10 years, by an action by the Department of Revenue. Therefore, it is manifest that the circuit court was in error in failing to order the county court to follow the plain language of KRS 132.290. See Davis v. Becker, 309 Ky. 775, 219 S.W.2d 6.

The judgments are reversed with directions to the circuit court·to enter judgments consistent with this opinion.