## CITY OF WINCHESTER

v.

## KING.

Court of Appeals of Kentucky.

March 26, 1954.

Beverly White, Winchester, for appellant.

William Hays and J. Smith Hays, Sr., Winchester, for appellee.

DUNCAN, Justice.

The judgment of the lower court enjoined the city of Winchester from requiring the appellee to pay an occupational license tax or fee imposed by ordinance upon certain businesses, trades, or professions carried on within the city. The ordinance so far as applicable to the present controversy provides:

"Section 2.

"Each person, firm or corporation owning, operating, conducting or engaging in any of the following businesses, occupations, trades or professions, whether such be operated or conducted separately or in connection with another business, occupation, trade or profession, except as hereinafter specifically provided, shall pay the amount of license tax herein provided, the name used in each case being a designation of the business, occupation, trade or profession required to be licensed.

"Subsection C, Item 10:

"Contractors, including building, repair, electric, painting, masonry, plumbing, heating, and street or sidewalk . . . $25.00.

"Section 8:

"Except as otherwise specifically provided herein, any person, firm or corporation violating the provisions of this ordinance shall, upon conviction, be fined not less than $10.00 nor more than $100.00 for each offense; and each day said person, firm or corporation continues such violation shall constitute a separate offense."

The appellee, Arthur King, is a carpenter who has resided in Winchester for about forty years. During most of that time, he has been employed by a licensed contractor at an hourly wage. He sometimes performed other similar work within the city at a time when he was not working as an employee of a licensed contractor. Three specific instances are referred to as bringing him within the quoted provisions of the ordinance. These are: (1) re-covering a roof for a Mr. Flinchum; (2) repair work on a house for a Mr. Hughes; and (3) building a foundation for appellee's daughter-in-law. All of this work was done within the city limits and during the license year 1952-53. Neither appellee nor his sons were licensed as contractors, and the work in each instance was performed under direct arrangement with the owners of the property, and appellee and his sons were paid at a fixed hourly rate. On two of the jobs, appellee kept the time for all of the men and turned his record over to the owner for payment. On the Flinchum job, the owner left the pay for both appellee and his son with appellee's wife. On the Hughes job, the entire amount of the compensation was paid either to appellee or one of his sons. The City contends that appellee is a "contractor" within the meaning of the ordinance. Appellee insists that in the performance of the services mentioned, he was a mere workman and is not liable for payment of the tax.

■ At the outset, it may be remarked that jurisdiction to consider the appeal rests upon the fact that a question of taxation is involved. Buckner v. Clay, 306 Ky. 194, 206 S.W.2d 827; Merchants Wholesale Grocery Co. v. City of Frankfort, Ky., 244 S.W.2d 468.

The term "contractor" is defined by Webster's New International Dictionary, Second Edition, as: "One who contracts to perform work, or supply articles on a large scale, at a certain price or rate, as in building houses or provisioning troops."

"Workman" is defined by the same authority as: "A man employed for wages in labor, * * *; often, a skilled artificer or laborer."

■ In a sense, every workman is a contractor, in that he contracts to perform work at a certan price or rate. The method of computing payment is not necessarily the distinguishing feature since a workman may be paid by the job and a contractor by the hour, day, or week. It is, therefore, necessary to look beyond the method of payment to determine whether appellee was a workman or a contractor.

In examining the various definitions, we think there are two fundamental distinctions. The first is one of degree. Every definition of the word "contractor" to which we have referred included the term "on a large scale." Bouvier's Law Dictionary; 9 Words and Phrases, page 325 et seq. It necessarily follows that the amount of work contracted for may be determinative of the question. For example, contracting to build a house is suggestive of the term "contractor" while contracting to mow a lawn is generally associated with the term "workman."

■ A second distinction rests upon the extent to which the work in all of its details is controlled or supervised. We think the word "contractor" as used in the ordinance is synonymous with "independent contractor" as that term is generally understood in the field of negligence. Shearman and Redfield on Negligence, Page 164, defines an independent contractor as " * * * a person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details." In other words, a contractor renders service which represents the will of the employer only as to the result of his work and not as to the means by which it is accomplished. On the other hand, a workman renders service in which he is controlled by the employer in respect

to the details as well as the result of the work.

 Under either of the tests which we have suggested, we think appellee was a workman rather than a contractor.

The judgment is affirmed.