COMMONWEALTH of Kentucky, by and on relation of Robert H. ALLPHIN, Commissioner of Revenue, Appellant,

v.

Leo J. SANDMANN and Julia D. Sandmann, Appellees.

Court of Appeals of Kentucky.

May 27, 1955.

William E. Scent, Joseph L. Schoepf, Frankfort, for appellant.

Leo J. Sandmann, Louisville, pro se.

CLAY, Commissioner.

This is a suit by the Commonwealth to recover an additional income tax assessment of $10 with penalty and interest. On motion for summary judgment, the claim was dismissed and the Commonwealth appeals.

The taxpayer moved to dismiss this appeal for lack of the jurisdictional amount required by KRS 21.060. On December 16, 1954, we denied this motion to dismiss, and we here state our reasons.

Prior to 1952 this Court had consistently taken jurisdiction of questions involving taxation, regardless of the amount involved. Willis v. Thornton, 78 S.W. 215; Buckner v. Clay, 306 Ky. 194, 206 S.W.2d 827; Commonwealth ex rel. v. St. Matthews Gas & Electric Shop, Inc., Ky.1952, 252 S.W.2d 673. This was true even though KRS 21.060 did not authorize appeals from "judgments for the recovery of money" when the amount was less than $200, exclusive of interest and costs.

In 1952 this statute was amended so as to authorize appeals only if "the value of the amount or thing in controversy" was as much as $200. This amendment effected no change with respect to cases involving matters of taxation. In addition, such matters are of great public interest and of extreme importance to the Commonwealth, to such an extent that the principle involved may be said to constitute the thing in controversy which is not translatable into a monetary valuation. We have recently held under such circumstances that the showing of a jurisdictional amount is not determinative of the right of appeal. McLean v. Thurman, Ky.1954, 273 S.W.2d 825. We, therefore, have taken jurisdiction of this appeal.

The question presented is whether or not the taxpayer could claim for the year 1951 an income tax credit of $10 for a dependent son who became 18 years of age during that year. The son became 18 on May 1, 1951, and consequently was over that age for more than six months of the tax year. KRS 141.060(1)(c), effective as of that time, allowed a tax credit of $10 for a dependent "if the dependent person is under eighteen years of age * * *."

Subsection (2) of this statute provided as follows:

"If the status of a taxpayer, insofar as it affects the credits allowed under subsection (1) of this section, shall change during the taxable year, the tax credit shall be determined in accordance with the status maintained for a period of six months or more during the taxable year."

It seems perfectly clear to us that since the taxpayer's son was not under 18 years of age for a period of six months or more during the taxable year, the taxpayer could not take credit for this dependent.

It is contended by the taxpayer that since neither the statute nor the regulations of the Revenue Department define a "dependent", in accordance with KRS 141.050 the statute must be construed as the federal

income tax law, and under the latter, the age of the claimed dependent is not material. We are unable to follow this argument. Regardless of the definition of a dependent, the specific provisions of KRS 141.060(1)(c) permit a tax credit to be claimed only if the dependent person is (1) under 18 years of age or, (2) is incapable of self-support because mentally or physically defective. The taxpayer's claimed dependent falls within neither of these categories. There is nothing to construe and nothing to interpret that would require resort to the federal income tax law or its construction.

The judgment is reversed with directions to enter a judgment for the Commonwealth.