**James H. POLSGROVE, Appellant,**

v.

**COMMISSIONERS OF the SINKING FUND OF the CITY OF LOUISVILLE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1967.

Rudolph V. Binus, Louisville, for appellant.

Edwin H. Perry, Louisville, for appellee.

DAVIS, Commissioner.

The appellant, James H. Polsgrove, has undertaken an appeal as a matter of right from a judgment against him in the sum of $537.57. In his statement of appeal the appellant has recited:

"The jurisdictional amount in controversy is not an issue on this appeal since said appeal is under KRS 21.060(b) in that said appeal cannot be adjudicated without construing a statute or section of the Constitution."

The appellee has made timely motion to dismiss the appeal on the ground that the sum in controversy is less than $2,500 and the

appeal has not been prosecuted on motion pursuant to KRS 21.080 and RCA 1.180.

 It is at once apparent that the appellant has misconstrued KRS 21.060. It is noted that reference is made in the statement of appeal to KRS 21.060(b); the reference should have been KRS 21.060(2) (b) which provides:

"(2) If the value of the amount or thing in controversy, exclusive of interest and costs, is as much as two hundred dollars, the Court of Appeals may grant an appeal from the judgment or final order of a circuit court when: * * *

"(b) The correct decision of a case cannot be had without construing a statute or section of the constitution."

It is seen that this court *may* grant an appeal in the circumstances set forth in the quoted statute; this does not mean that an appeal is to be taken as a matter of right in such cases. On the contrary, the litigant seeking appellate review in such state of case is to proceed by motion pursuant to KRS 21.080 and RCA 1.180.

 Appellant contends that he is entitled to prosecute the appeal as a matter of right pursuant to the authority of Commonwealth ex rel. Allphin v. Sandmann, Ky., 280 S.W.2d 155. Appellant asserts that the validity of a taxing ordinance is challenged on this appeal, hence the rationale of Sandmann rules the case. We are not so persuaded.

This litigation originated in the Jefferson Quarterly Court upon the complaint of the Commissioners of the Sinking Fund of the City of Louisville against James H. Polsgrove, in which the Commissioners averred that Polsgrove owed license fees for the years 1961, 1963, and 1964 aggregating $534.73. The complaint stated that Polsgrove had duly filed returns for the years in question, reflecting his tax liabilities in the respective amounts alleged, but that he had failed to pay the sums shown to be due.

In his answer and counter-claim filed in the quarterly court, Polsgrove admitted that he had filed the returns showing the stated tax sums as due, but insisted that he was entitled to a credit in the sum of $400 for "coerced labor in contravention of the Constitution of the State of Kentucky and the United States." The validity of the taxing ordinance is not challenged. There is nothing in the Sandmann opinion which lends support to the proposition that an appeal may be taken as a matter of right merely because the recovery is related to liability for a tax. The Sandmann case dealt with the construction of a statute as it related to claiming exemption for a dependent child. Moreover, it was observed in Sandmann that taxation problems are of great public interest and of extreme importance to the Commonwealth so that questions in that field may be said to be not translatable into monetary value. That principle is not applicable in the case before us. In Sandmann there was no appellate review available by motion, but in this case such review was available.

The avenue of appeal pursuant to motion, as prescribed by KRS 21.080 and RCA 1.180, was open to appellant, but he did not pursue it. Accordingly, the appeal must be and is dismissed.