COMMONWEALTH of Kentucky by and on relation of J. E. LUCKETT, Commissioner of Revenue, Movant,

v.

Joe T. MONSON, Harrison County Property Valuation Administrator (formerly County Tax Commissioner), Cynthiana, Kentucky, Respondent.

Court of Appeals of Kentucky.

Oct. 9, 1970.

William S. Riley, Cyril E. Shadowen, Alex W. Rose, Frankfort, for movant.

Wayne Fitzgerald, Cynthiana, for respondent.

CULLEN, Commissioner.

The Commonwealth of Kentucky, by and on relation of the Commissioner of Revenue, brought action against the property

valuation administrator of Harrison County, alleging that he had willfully assessed the property in the county at substantially less than its fair cash value, and seeking a mandatory order directing him to assess the property at its fair cash value. The circuit court entered judgment dismissing the complaint on the ground that the relief sought is not authorized by law. The Commonwealth has filed a *motion for appeal* from that judgment.

█ Under KRS 21.060, the only reason why the Commonwealth might not have an appeal as a *matter of right* in the instant case would be that the "value of the amount or thing in controversy is less than twenty-five hundred dollars, exclusive of interest and costs." By KRS 21.070 it is made clear that the value is to be determined from the judgment when construed in connection with the pleadings, or, if not fixed therein, then by a statement of value to be set forth in the judgment at the request of either party. There are two situations, however, in which a party is entitled to appeal as a matter of right although the value of the amount or thing in controversy is not fixed as contemplated by KRS 21.070. One situation is where the value of the thing in controversy is not translatable into money. See McLean v. Thurman, Ky., 273 S.W.2d 825; Com. ex rel. Allphin v. Sandmann, Ky., 280 S.W.2d 155; Salyers v. Tackett, Ky., 322 S.W.2d 707; Pierson Trapp Co. v. Peak, Ky., 340 S.W.2d 456; Michael v. Stinnett, Ky., 344 S.W.2d 374; Stephenson v. Adams, Ky., 433 S.W.2d 347. The other situation is where judicial notice can be taken that the value is at least $2,500. Greech v. Jackson, Ky., 375 S.W.2d 679.

In the instant case, if it be considered that the thing in controversy is the availability of a particular remedy to the Department of Revenue in the performance of its duty to see that property is assessed at fair cash value, so that the principle involved is the thing in controversy, then plainly the value is not translatable into money. Cf. Com. ex rel. Allphin v. Sandmann, Ky., 280 S.W.2d 155.

On the other hand, if the thing in controversy is the difference between the fair cash value of the property in Harrison County and the substantially lower sum at which it was assessed by the property valulation administrator, or even if the difference in the amount of taxes that would be collectible on those valuations, it is clear that the amount in controversy is in excess of $2,500, because we take judicial notice of the public record that the 1970 assessment actually made for Harrison County was in excess of $100,000,000.

So in either event it appears that the Commonwealth was entitled to an appeal as a matter of right. This being so, it might be considered that the motion for appeal is inappropriate and therefore should be overruled. However we believe that there are cogent reasons for not so ruling.

█ The motion for appeal herein was filed in this court eight days after the notice of appeal was filed in the circuit court. At the time the motion was filed the movant could have perfected an appeal as a matter of right, because time remained for the taking of all steps necessary to perfect an appeal, including the serving and filing of a designation of record as required by CR 75.01. So the filing of the motion was not calculated to achieve for the movant any benefit he could not have obtained by proceeding to perfect an appeal as a matter of right, nor to relieve him of the consequences of the time having expired for taking any step necessary to perfect such an appeal. Under these circumstances, and in view of the fact that the movant might have had an excusable basis for believing that a motion for appeal was necessary, we are of the opinion that a denial of the motion for appeal, leaving the appellant unable now to perfect an appeal as a matter of right because the time for serving and filing a des-

ignation of record has expired, would not conform with the intent of the Rules of Civil Procedure. Similar considerations would not exist, of course, if the motion for appeal were filed after the movant's time for perfecting an appeal as a matter of right had expired.

The motion for appeal is sustained.

All concur.