**Harold TRAVIS, Property Valuation Administrator of Franklin County, Kentucky, Appellant,**

v.

**The KENTUCKY BOARD OF TAX APPEALS, etc., Appellees.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

William S. Riley, Asst. Atty. Gen., William P. Sturm, Legal Staff, Dept. of Revenue, Frankfort, for appellant.

Joseph J. Leary, Frankfort, for appellees.

CULLEN, Commissioner.

The only issue on this appeal is whether the Kentucky Board of Tax Appeals, on an appeal from the Franklin County Board of Supervisors, erred in determining the assessed value for ad valorem taxes, as of January 1, 1970, of a certain farm in Franklin County. The Property Valuation Administrator of Franklin County had assessed the farm at $47,000; this was reduced by the Board of Supervisors to $35,000, and upon appeal by the administrator to the Kentucky Board of Tax Appeals the latter board upheld the $35,000 assessment.

The difference in the assessments, of $12,000, would make a difference of only a few hundred dollars in tax for 1970. The appellant Property Valuation Administrator maintains, however, that this is not determinative of the amount in controversy as a jurisdictional matter under KRS 21.-060, but that that the amount in controversy is "not translatable into a monetary value." Having taken that view the appellant has undertaken to appeal as a matter of right.

We are dismissing the appeal because we are of the opinion that the amount in controversy is simply the amount of taxes due on the reduction in amount of the 1970 assessment.

As in Houston v. Kentucky Tax Commission, Ky., 336 S.W.2d 547, the case involves only a question of valuation and there is no actual issue of constitutional or statutory principle. Thus, Commonwealth ex rel. Allphin v. Sandmann, Ky., 280 S.W.2d 155, does not apply. As held in Polsgrove v. Commissioners of Sinking Fund, Ky., 411 S.W.2d 32, the Sandmann case does not stand for the principle that an appeal may be taken as a matter of right merely because the recovery is related to liability for a tax.

The appellant can find no support in Commonwealth ex rel. Luckett v. Monson, Ky., 465 S.W.2d 717, because there the is-

sue was one of statutory construction as to availability of remedies, which involved a matter of public concern in the future administration of the tax laws. In the instant case, however, the only question is whether there was a proper factual application, in a particular situation of the constitutional direction that property be assessed at its fair cash value. A decision would affect only the 1970 taxes on this one piece of property. Cf. Jefferson Post No. 15, American Legion v. City of Louisville, Ky., 280 S.W.2d 706.

The appeal is dismissed.

All concur.