RENDERED: JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0979-MR

KEVIN BAILEY AND
RICHARD SMITH                                                      APPELLANTS


                    APPEAL FROM SPENCER CIRCUIT COURT
v.              HONORABLE CHARLES R. HICKMAN, JUDGE
                          ACTION NO. 16-CI-00171


BLUE GRASS ENERGY
COOPERATIVE CORPORATION                                          APPELLEE


OPINION
AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Kevin Bailey and Richard Smith bring this appeal from a

November 9, 2018, Opinion and Order and a May 28, 2019, Order of the Spencer

Circuit Court granting summary judgment, concluding that Blue Grass Energy, Inc.

(Blue Grass) possessed a utility easement upon certain real property.  We dismiss

for failure to name an indispensable party to the appeal.

On September 23, 2016, Bailey and Smith filed a complaint in the Spencer Circuit Court against, *inter alios*, Brian Yates and Blue Grass. An amended complaint was filed on February 24, 2017. In the complaint, as amended, Bailey and Smith stated that they owned real property located at 2990 Van Buren Road, Mount Eden, Kentucky, and that Yates owned adjacent property located at 2992 Van Buren Road, Mount Eden, Kentucky. Bailey and Smith alleged that Yates trespassed upon their property at 2990 Van Buren Road and damaged a fence, dog kennels, trees, and gate. As to Blue Grass, Bailey and Smith claimed:

24. Defendant, Blue Grass Energy, Inc., [BGE] installed a pole for electricity on 2992 Van Buren Road, Mount Eden, Kentucky, when the property was owned by [Bailey and Smith].

25. In or around 2003, [Bailey and Smith] directed BGE to disconnect all service to the property and remove the pole.

26. Defendant BGE refused to remove the pole from the premises.

27. The 3 acres of property at 2992 Van Buren Road, Mount Eden, Kentucky[,] does not have a utility easement and BGE is currently running electricity through the pole to said property.

28. BGE has no right to provide electricity to the individual Defendants using wires running over [Bailey and Smith's] land as they do not have an easement.

29. [Bailey and Smith] made due demand on BGE to remove the pole but BGE has refused to do so.

30. Therefore, BGE should be held liable to [Bailey and Smith] for damages in a sum to be determined.

Complaint at 4-5.

Subsequently, Blue Grass filed a motion for summary judgment. Therein, Blue Grass maintained that it possessed a utility easement upon the real property located at 2990 Van Buren Road and 2992 Van Buren Road. According to Blue Grass, it obtained the utility easement by express grant from Harold and June Herndon (the Herndons), who were predecessors in title to the real property at 2990 Van Buren Road and 2992 Van Buren Road. Blue Grass pointed out that both tracts were part of another contiguous tract of real property owned by the Herndons.[1] Blue Grass asserted that the utility easement burdened both tracts of real property at 2990 Van Buren Road and 2992 Van Buren Road. Blue Grass maintained that a utility pole located on 2992 Van Buren Road was placed there in conformity with said utility easement.

In response, Bailey and Smith argued that Blue Grass did not possess a utility easement upon either tract of land located at 2990 Van Buren Road or 2992 Van Buren Road. Rather, Bailey and Smith maintained that the utility

---

[1] Harold and June Herndon (the Herndons) acquired a 140-acre tract of land in 1968. The Herndons granted a 40-foot easement across the tract of land to Blue Grass Energy Cooperative Corporation's predecessor in 1996. The Herndons sold 114 acres from this tract in 1998, which became known as 2990 Van Buren Road. In 1999, a three-acre tract was conveyed from the 114-acre tract which became known as 2992 Van Buren Road. Presumably, the utility poles and lines cross the remaining 111 acres to provide electrical service to the three-acre tract.

-3-

easement only burdened the separate tract of real property owned by the Herndons, which is located at 2986 Van Buren Road.

By Opinion and Order entered November 9, 2018, the circuit court granted Blue Grass a partial summary judgment. The court concluded that the express utility easement granted to Blue Grass burdened the real property located at 2990 Van Buren Road and 2992 Van Buren Road. However, the court was unable to determine the exact location of the utility easement.

Following another motion for "complete summary judgment" by Blue Grass, the circuit court determined the location of the utility easement upon the real property at 2990 Van Buren Road and 2992 Van Buren Road had been established and granted judgment to Blue Grass by order entered May 28, 2019. That order contained Kentucky Rules of Civil Procedure (CR) 54.02 language. Bailey and Smith then filed a timely notice of appeal and named Blue Grass as the sole appellee.

By Show Cause Order entered November 9, 2020, this Court directed Bailey and Smith to show good cause why this appeal should not be dismissed for failure to name an indispensable party. This Court observed that the appeal centered upon whether a utility easement existed on real property located at 2990 Van Buren Road and 2992 Van Buren Road. Relevant to indispensable parties, this Court stated:

The record suggests that the owners of the real property located at 2990 Van Buren Road are Kevin Bailey, Aimee Smith Nakagawa, and Glenda Smith, as trustee for Sean Smith, and the owner of real property located at 2992 Van Buren Road is Brian Yates. However, in the notice of appeal, Kevin Bailey and Richard Smith only named Blue Grass Energy Cooperative Corporation as appellee.

The Court also noted that Bailey and Smith have "repeatedly asserted throughout their appellate brief that Richard Smith possesses or possessed an ownership interest in real property 2990 Van Buren Rd." Show Cause Order at 3. The Court, however, pointed out that Bailey and Smith "failed to point this Court to any deed evidencing such ownership interest," and the Court stated it was unable to locate such a deed in the record. Accordingly, the Court also ordered "the parties to clarify whether Richard Smith possesses or possessed any interest, ownership or otherwise, in the real property located at 2990 Van Buren Road."

In their response, Bailey and Smith maintained that Yates was not an indispensable party because he had "sold the property [2992 Van Buren Road] to another person." Response at 1.[2] Additionally, Bailey and Smith argued that "there was no harm or prejudice resulting from Yates' exclusion and no substantial harm to any party." Response at 2. As to Smith's ownership or other interest in 2990 Van Buren Road, Bailey and Smith asserted:

---

[2] The response states that Brian Yates sold his property after the commencement of the lawsuit but prior to the circuit court's ruling. Presumably, the purchaser was not added as a party below. Thus, the owner of the property located at 2992 Van Buren Road is not a party to this appeal.

-5-

The Appellants are the owners of 2990 Van Buren Road, together with Laura Pope and Aimee Smith Nakagawa (Richard Smith's daughters) as co-trustees for Sean Smith (Richard Smith's grandson). In 2008, Aimee Smith Nakagawa deeded her one-third interest in the property to her mother, Glenda Smith.

In 2014, Glenda Smith passed away and her husband, Richard Smith, inherited an interest in the property. Laura Pope and Aimee Smith Nakagawa as co-trustees did not want to participate in the lawsuit, happy to have their father and ex-brother-in-law stand in for them. Richard Smith was personally involved with Appellee from the beginning. Joining the lawsuit would be unnecessary for them, expending time and expense when they were willing to accept whatever outcome was rendered. A copy of the deed transferring an interest to Richard Smith is annexed hereto. As Richard Smith attested to his interest in the property, and his interest was not contested, the deed was not attached to the record.

Response at 3-4.[3] Also, in response to the Show Cause Order, Bailey and Smith filed a motion to reverse and remand with this Court on November 23, 2020. Therein, Bailey and Smith urged this Court to reverse the circuit court's orders and remand "for the opportunity to cure any defect concerning indispensable parties." Motion to Reverse and Remand at 1.

In Blue Grass's response to the Show Cause Order, it maintained that the record is devoid of "any documentation evidencing that Richard Smith was

---

[3] The deed attached to Kevin Bailey and Richard Smith's (appellants') show cause response lists the sole grantee as Glenda Smith. While Richard Smith asserts he inherited Glenda Smith's one-third interest in the property, there is nothing in the record on appeal to establish this assertion of ownership to the property known as 2990 Van Buren Road.

ever conveyed ownership interest in the real property located at 2990 Van Buren Road." Response at 1.

It is well-settled that "[f]ailure to name an indispensable party in the notice of appeal results in dismissal of the appeal." *Slone v. Casey*, 194 S.W.3d 336, 337 (Ky. App. 2006) (citations omitted). Indispensable parties are "those who have such an interest in the subject matter that a judgment cannot be made without affecting their interest." *Buckner v. Clay*, 306 Ky. 194, 206 S.W.2d 827, 829 (1947). And, it is beyond cavil that an owner or co-owners of real property are indispensable parties to an appeal that will determine whether their real property is burdened by an easement. *Browning v. Preece*, 392 S.W.3d 388, 391-92 (Ky. 2013); *Slone*, 194 S.W.3d at 338.

Bailey and Smith have admitted that they did not name all the owners of the real property at 2990 Van Buren Road or the real property at 2992 Van Buren Road. In this appeal, the central issue looks to whether a utility easement burdens either or both tracts of land.[4] Those unnamed owners are directly affected by the adjudication of the easement, including the outcome of this appeal. Failure to name these owners is a jurisdictional defect that cannot be cured. *See Browning*,

---

[4] While allegations of trespass and property damage claims against Brian Yates and others are not on appeal, Yates' property would be directly affected by any ruling on the merits by this Court regarding the existence and location of the utility easement.

392 S.W.3d at 392.[5]  Therefore, we are compelled to conclude that Bailey and Smith failed to name indispensable parties to this appeal and that this appeal must be dismissed for lack of appellate jurisdiction.

Now, therefore, be it ORDERED that Appeal No. 2019-CA-0979-MR is DISMISSED for failure to name indispensable parties.  This Court also DENIES as moot Bailey and Smith's motion to reverse and remand.

ALL CONCUR.

ENTERED:  January 29, 2021                     /s/ Jeff S. Taylor
                                               JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANTS:          BRIEF FOR APPELLEE:

Myrle L. Davis                  Park L. Priest
Louisville, Kentucky            John A. Sowell
                                Bowling Green, Kentucky

---

[5] Appellants suggest in their motion to reverse and remand that this Court should remand this case back to the circuit court to allow the proper parties to be named as defendants below.  We have no such authority to retroactively create jurisdiction. *Nelson Cty. Bd. of Educ. v. Forte*, 337 S.W.3d 617, 626 (Ky. 2011).