## ENRIQUEZ v. ENRIQUEZ. (NO. 2.)

### APPEAL FROM THE SUPREME COURT OF PHILIPPINE ISLANDS.

No. 25.   Argued October 31, 1911.—Decided December 4, 1911.

Where the record shows that the jurisdictional value is not made out by a preponderance of evidence, the appeal will be dismissed. *Red River Cattle Co. v. Needham,* 137 U. S. 632.

Under § 10 of the act of July 1, 1902, c. 1369, 32 Stat. 695, this court can only review judgments of the Supreme Court of the Philippine Islands where the value in controversy exceeds $25,000; and in this case it does not appear that the value of real property affected equals that amount.

Appeal from 8 Phil. Rep. 607, dismissed.

THE facts, which involve the jurisdiction of this court of appeals from the Supreme Court of the Philippine Islands, are stated in the opinion.

Mr. Jackson H. Ralston, with whom Mr. Frederick L. Siddons and Mr. Wm. E. Richardson were on the brief, for appellants.

Mr. Allison D. Gibbs, for appellees, submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

This controversy is substantially between those who were parties of record in Cause No. 24, just decided, *ante*, p. 123.   In this action the administrator and the majority of the heirs of Antonio Enriquez assailed a deed of certain property in Manilla executed by Francisco Enriquez as attorney in fact of his father, Antonio, and also a sale of the same property subsequently made to the wife of Francisco Enriquez by the person to whom he had previously conveyed it, both the deeds being assailed on the ground that they were fraudulent simulations.   The prayer was that the deeds be held to be void and for a judgment for rents and profits.   The court of first instance having decreed in favor of the administrator, the defendants appealed to the Supreme Court of the Philippine Islands, which court reversed the judgment and remanded the cause for further proceedings.

Following a second judgment in favor of the administrator the cause was again taken to the Supreme Court and that tribunal not only again reversed the judgment below but entered one "acquitting the defendants of the complaint." This appeal was then taken, and a motion to dismiss has been made upon the ground that the requisite jurisdictional value is not involved.   Contemporaneous with the allowance of the appeal there was filed in the court below an affidavit of Rafael Enriquez, in which he averred "that the real property the title to and possession of which is involved therein exceeds in value the sum of Twenty-five thousand dollars, gold coin of the United States." Thereafter the appellees filed the affidavit of A. B. Powell, chief of the real estate division of the Bureau of Internal Revenue in the city of Manilla, whose duty it is to fix the valuation of real property in the city of Manilla to the effect that he was familiar with the value of

such real property. That the assessed value in Philippine currency of the property in question (land and improvements) was as follows:

For the years 1901 and 1902, 12,236.96 pesos.

For the years 1903 to 1907, 12,582.90 pesos.

For the year 1908, 12,192.60 pesos.

He also swore "that such assessed value was and is the true value of the property during the time mentioned." If both the affidavits be accepted, it plainly results that, considering the value of the property alone, the requisite jurisdictional amount has not been established by the preponderance of evidence. But if the conflict between the two statements be resolved by resort to the record, then we think it affirmatively appears that the requisite value does not exist. At the trial the defendants introduced proof tending to show that the value of the property when originally bought by Antonio Enriquez, as well as at the time when it was conveyed to the wife of Francisco Enriquez, was materially less than the assessed value. Indeed, this proof tended to show that the building on the property was in ruins at the time of the purchase by the wife of Francisco and was therefore practically worthless for rental purposes. This was sustained by proof that the very small sum of $750 was attributed to the building or improvements on the lot in the assessment of 1901. Despite this evidence, no proof then was offered on behalf of the plaintiffs as to the value of the property except that of one witness who expressed the opinion that the property, at the time he testified, was worth about 16,000 pesos, or $8,000 currency of the United States. The demonstration as to the absence of the jurisdictional amount which results from these considerations is not changed by taking into view the question of rents and profits. This conclusion is inevitable, since even if the amount of rents and revenues, that is, the value of the use of the property allowed by the court of first instance, be taken into account

and allowance be made at the same ratio to the date of the judgment appealed from, such sum, when added either to the assessed value or to the value fixed by the plaintiff's own witness at the trial, would be much below $25,000. On this record "we are clear," as was found to be the case in *Red River Cattle Co.* v. *Needham*, 137 U. S. 632, "that the jurisdictional value is not made out by a preponderance of evidence;" and the appeal is therefore

*Dismissed.*