DAVID K. KAHAULELIO, PLAINTIFF AND DEFENDANT IN ERROR, *v.* BEKE IHIHI AND KIN CHOY, DEFENDANTS AND PLAINTIFFS IN ERROR.

No. 1110.

PETITION FOR WRIT OF ERROR AND SUPERSEDEAS RETURNABLE TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

FILED DECEMBER 19, 1918.          DECIDED MARCH 17, 1919.

BEFORE COKE, C. J., AT CHAMBERS.

Appeal and Error—Application for writ of error from circuit court of appeals—value of matter in dispute—burden of proof.

Memorandum Opinion.

A writ of error from a final judgment of the supreme court of Hawaii may be had and prosecuted in the United States circuit court of appeals wherein the amount involved, exclusive of costs, exceeds the value of $5000. The burden of proof is on the plaintiff in error where the record is silent as to the value of the subject-matter in dispute to establish that it is of jurisdictional value.

## MEMORANDUM OPINION.

Judgment in this cause was rendered in favor of plaintiff-defendant in error, and the defendant-plaintiff in error, Beke Ihihi, has applied to me for the allowance of a writ of error from the United States circuit court of appeals of the ninth circuit. The plaintiff-defendant in error, Kahaulelio, by his attorney, J. Lightfoot, Esq., has interposed an objection to the issuance of the writ on the ground that the amount involved does not exceed the sum of $5000 as required by section 1126A, Vol. 2, U. S. Comp. Stat.

By leave, first granted, both parties have submitted affidavits upon the question of the value of the property involved. In this I have been guided largely by the opinions of the Supreme Court of the United States in *Enriquez* v. *Enriquez*, 222 U. S. 127; *Red River Cattle Co.* v. *Needham*, 137 U. S. 632, and *Wilson* v. *Blair*, 119 U. S. 387. In the last case the court said: "Our jurisdiction in this case depends on the value of the matter in dispute. Final judgment was entered in the action May 24, 1884. At that time there was nothing in the record to show the value. On the 16th of September, 1884, on motion, leave was given to the defendant in the court below to file affidavits of value that day and the plaintiff to file counter-affidavits in twenty days. This was good practice and if oftener adopted would save trouble to parties and to us." The court also lays down the rule in the *Wilson-Blair* case that the burden of proof

is on the plaintiff in error, where the record is silent as to the value of the subject-matter in dispute, to establish that it is of jurisdictional value.  So in the present case the record is silent as to the value of the property in dispute, except, however, it does appear in the record that the property was at the time of the institution of the action leased to one Kin Choy at an annual rental of $266, the lessee to pay all taxes, rates and assessments for water, sewerage and municipal charges, the lessor reserving to herself the fruit production from four bread-fruit trees growing upon the premises.  The record also shows that there is a money judgment for damages in favor of the plaintiff and against defendants in the sum of $642.80, regarding which there can be no dispute.

The burden being upon the defendant-plaintiff in error to establish the jurisdictional value of the property it becomes necessary for her to show that the real property is of the approximate value of $4300 in order to entitle her to the writ.  Estimating the value of the real property upon the annual rental derived therefrom at the time the action was commenced, to wit, the sum of $266, I think it fair to assume that the property is of the value of about $3000, although it appears by affidavit that the property is now yielding an annual rental of $120.

The affidavits submitted by the respective parties are in direct conflict.  The affidavits of the plaintiff-defendant in error show the property to be worth not more than $3000, while the affidavits submitted on behalf of the defendant-plaintiff in error indicate a value of $5000.  Mr. Ambrose, the present deputy tax assessor at Lahaina, near which village the property is situated, and his predecessor in office, Mr. Dunn, both make oath that the property is of the value of $5000.  At the same time it is stated by them that the taxable value of the prop-

erty, as fixed by them, is and for many years past has been the sum of $1000. The property is situated but a short distance from the office of the deputy tax assessor at Lahaina, and if as a matter of fact the property is worth $5000 we have an astonishing confession of a lack of fidelity to official duty on the part of these officials which is made more glaring by the fact that the laws of the Territory of Hawaii require that real property be assessed for its full cash value. The affidavit of A. D. Furtado represents that he recently purchased from Mrs. Ihihi for $1100 a piece of land directly across the street from, and containing about one-fifth of the area of, the land in question. This would tend to mislead a person unacquainted with the geography of the locality and the physical conditions there obtaining. The counter-affidavit of Kahaulelio and maps and records on file in this court, of which I take judicial notice, show that the land across the street from the land involved is located upon the seashore and is beach property. On account of climatic conditions, bathing facilities and for other reasons it is of common knowledge that beach property, on account of its demand for residence purposes, is of much greater value than property otherwise situated, and this is particularly true in the village of Lahaina. That portion of the affidavit of Beke Ihihi wherein she represents that the income derived by her from the four breadfruit trees growing upon the premises amounts annually to more than $60 I consider a gross exaggeration.

I seriously doubt that the property involved is of value sufficient to confer jurisdiction upon the appellate court but others might entertain a different view. I am disposed to facilitate rather than retard the defendant-plaintiff in error in her purpose to effect her appeal, hence that she may have a review of the judgment herein, if by any chance she may be deemed to be entitled

thereto, I am directing the issuance of the writ and to the end that the question of jurisdiction may be properly presented to the court of appeal I direct that all records on file herein having reference to the question of jurisdiction be transmitted to that court.