Clarence MULLINS, Sr., et al., Appellants,

v.

Morgan HALL et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1954.

N. Baxter Jenkins, Whitesburg, for appellants.

Harry M. Caudill, Whitesburg, for appellees.

STANLEY, Commissioner.

The appeal was granted by the circuit court following dismissal of a petition upon a general demurrer. The petition sought to set aside a bond executed by the plaintiffs to discharge an order of attachment of property. Neither the petition nor the copy of the bond reveals the amount or value of the property attached or the judgment which it appears the principals and sureties bound themselves to perform; nor, did the trial court state in the judgment "the actual value in controversy" as is required upon request. KRS 21.070. The statement of appeal does not say whether the appeal is prosecuted under KRS 21.080 as is required by RCA 1.090.

The statute, KRS 21.060, gives the right of appeal from all final orders and judgments of circuit courts in civil cases *except*, among others, "(a) Judgments where the value of the amount or thing in controversy is less than twenty-five hundred dollars, exclusive of interest and costs."

[1] When the amount in controversy is within this exception, the aggrieved party may file a motion in the Court of Appeals to grant him an appeal and the case is submitted upon that motion. KRS 21.080. Where the judgment is within this class, or is within any of the circumscribed limitations, the circuit court has no power to grant an appeal and this court will raise the question sua sponte and dismiss an appeal so granted. Stephens v. Davis, 286 Ky. 608, 151 S.W.2d 384.

It is a general rule of appellate procedure that the burden of establishing jurisdiction is on the appellant, and the court is without jurisdiction to hear an appeal where the amount in dispute in a case is not affirmatively shown in the record to be within the minimum jurisdictional limitation. 4 C.J.S., Appeal and Error, §§ 681, 688; 3 Am.Jur., Appeal and Error, Secs. 575, 576; Heisler & Bro. v. Merchants' Cold Storage & Ice Mfg. Co., 139 Va. 114, 123 S.E. 505; Enriquez v. Enriquez, 222 U.S. 127, 32 S.Ct. 64, 56 L.Ed. 124. There may be a distinction or exception to this rule where the subject matter of the suit or the judgment is not money or property and the nature of the action may not be measured or valued in money. McLean v. Thurman, Ky., 1954, 273 S.W.2d 825. But this is not of such class.

This is a character of action where the "amount or thing in value" may be at least reasonably estimated. The statement in briefs may not be regarded. Armes v. Louisville Trust Co., 306 Ky. 155, 206 S.W.2d 487. In the absence from the record of judicial statement of such amount or value, we must dismiss the appeal granted by the circuit court.

Appeal dismissed.