Bessie EVERSOLE et al., Appellants,

v.

Roderick COMBS and Ethel Combs, Appellees.

Court of Appeals of Kentucky.

March 2, 1956.

S. M. Ward, Hazard, for appellants.

D. G. Boleyn, Hazard, for appellees.

STEWART, Judge.

This appeal is from a judgment of the Perry Circuit Court in which it was decreed the strip of land in litigation is owned by the City of Hazard. At the outset, appellees have moved that the appeal be dismissed because the judgment does not, when construed in connection with the pleadings, "certainly fix the value of the amount or thing in controversy," which KRS 21.070 requires to be done upon the request of either party.

Appellants assert the motion should be overruled because they claim: (a) An appeal may be prosecuted to this Court from any judgment where the title to land is involved, no matter how small the value; and (b) an appeal may be taken from an order decreeing an injunction (and such an order was entered below), without regard to the amount in controversy. We shall establish that neither of these contentions is tenable.

Section KRS 21.060 as amended in 1952 provides that a party may appeal to this Court from a judgment as a matter of right where the value of the amount or thing in controversy is $2,500 or more, exclusive of interest and costs. KRS 21.080 as amended in 1952 provides that this Court may grant an appeal on motion where the amount or thing in controversy is $200 and less than $2,500. No motion was made for an appeal in this case and appellants undertake to appeal under the first-mentioned statute as a matter of right. The judgment is dated March 23, 1955.

In the recent case of McLean v. Thurman, Ky., 273 S.W.2d 825, we held that real estate has been placed in the same category as personal property and, as a consequence, it is necessary to have the record show the property involved is of such a value as to bring it within the jurisdiction of this Court to hear and determine the appeal. In that same opinion it was also pointed out that injunctive procedure may not be invoked to circumvent the requirement that a sufficient jurisdictional amount be shown where the actual amount or thing in controversy is of such a tangible nature that its valuation may be reasonably fixed.

The lower court referred in the judgment to the property in controversy as "a small insignificant and practically worthless, narrow strip of land adjoining the property owned by both the plaintiffs and defendants." Nothing in the record measured the strip of land in dollars and cents.

KRS 21.070 has been construed to require that the pleadings or the judgment contain a statement of such a value as to indicate this Court has jurisdiction of the appeal in those cases where the amount or thing can be reduced to a monetary valuation. We must dismiss when, as here, there has been a failure to comply with this statute. See Mullins v. Hall, Ky., 273 S.W.2d 831. The mere recital in the judgment that the value of the thing in controversy is "insignificant and practically worthless" does not meet the requirement of KRS 21.070. As a matter of fact, the reference to the lack of value of the property clearly shows there is not a sufficient amount involved to give this Court jurisdiction in this case, even under KRS 21.080.

Wherefore, the appeal is hereby dismissed.