352

Clarence ROGERS et al., Appellants,

v.

E. T. HOLLOWAY, Individually, et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 1, 1957.

Rehearing Denied Oct. 24, 1958.

Harold Y. Saunders, Geo. L. Willis, III, Shelbyville, for appellants.

Thomas & Thomas, New Castle, Edgar Sullivan, Taylorsville, for appellees.

PER CURIAM.

Motion by plaintiffs below for an appeal from a judgment of the Spencer Circuit Court, Hon. Coleman Wright, Judge, dismissing their action against the fiscal court of Spencer County, in which the plaintiffs had sought to recover possession of a tract of land being used as a county road, and damages to their adjoining land resulting from alleged improper maintenance of ditches along the road causing water to be diverted onto plaintiffs' land. The movants also claim an appeal as a matter of right.

The complaint sought damages in the amount of $2,300, and recovery of the land, which was part of an abandoned railroad right of way. The value of the land is not determinable from the pleadings and the judgment. Accordingly, the amount in controversy is not shown to be as much as $2,500, with the result that there is no appeal as a matter of right. KRS 21.070, 21.080; McLean v. Thurman, Ky., 273 S.W.2d 825; Mullins v. Hall, Ky., 273 S.W.2d 831; Stokes v. Henderson, Ky., 276 S.W.2d 12; Hall v. Ferguson, Ky., 288 S.W.2d 628.

We think the evidence warranted a conclusion that the plaintiffs, who acquired ownership of the abandoned right of way by reversion, intended to dedicate

it as a public road, from Taylorsville to Yoder Station, and the county accepted the dedication. The plaintiff Thomas was a prime mover in the establishment of the road, contributing a substantial sum of money and receiving a partial reimbursement from the people of Yoder Station, and the plaintiffs Rogers brothers joined in the proposal by deeding a passway. It is reasonably clear that the Rogers brothers fully understood that the road was to run all the way from Taylorsville to Yoder Station.

Having dedicated the right of way, the plaintiffs could not claim damages for the alleged wrongful taking of the right of way.

We find no error in the finding of the trial court with respect to the alleged damage from water diversion.

The motion for an appeal is overruled and the judgment is affirmed.