Roy **RUTHERFORD**, Appellant,

v.

**MODERN BAKERY**, a Partnership, etc., Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1958.

Sam M. Ward, Scott E. Duff, Hazard, for appellant.

Willis W. Reeves, Maxwell P. Barret, Hazard, for appellees.

CAMMACK, Judge.

The appellant, Roy Rutherford, instituted this action to recover damages from the appellee, Modern Bakery, for pain, suffering and permanent disability claimed to have been the direct and proximate result of his consuming two poisonously contaminated pies sold by the Bakery. This appeal is from a judgment on a directed verdict given for the Bakery at the conclusion of Rutherford's evidence.

The appellant contends that the trial court erred in directing a verdict against him because it was not necessary for him to prove privity of contract to recover against the Bakery. The appellee contends that (1) we do not have jurisdiction of the case under KRS 21.060 because the judgment and the evidence fail to establish the amount in controversy as exceeding $2,500; and (2) if we do have jurisdiction, the judgment should be affirmed because the appellant failed to establish that the injuries of which he complained were caused by an unwholesome condition of the pies he ate.

The amount in controversy sufficient to give us jurisdiction under KRS 21.-060 is ascertained according to the provisions of KRS 21.070. That section directs that the judgment be construed with the *pleadings*—not with the *evidence*. The appellant in this case was seeking damages of $10,000. The amount in controversy was certainly fixed under the provisions of KRS 21.070, and the appellant could thus prosecute this appeal as a matter of right under KRS 21.060.

The appellee was a distributor of certain bakery products which were manufactured in Rome, Georgia. Among those products were two small cocoanut pies which were delivered to a retailer about May 16, 1956. The appellant purchased the pies from the retailer on May 17, 1956, and took them home. The next day he carried them to work with him and ate them for lunch. Soon thereafter, the appellant said, he became violently ill, his main complaints being abdominal cramps, vomiting and diarrhea. He claims that his illness resulted from consumption of the pies. The illness necessitated six days' hospitalization near his home, so he said, but he produced no hospital records. Several days later he said he went to Lexington where surgery was required to alleviate his pain and suffering.

The appellant underwent surgery for an ulcerated stomach several years ago. He has been treated for other illnesses that required hospitalization in recent years. No medical testimony was introduced to prove whether the illness described in his complaint was caused by poisoning from the pies, or from something else he ate, or resulted from some physical infirmity suddenly manifesting itself. It was proven that the appellant became ill soon after consuming the pies at lunch, but it was not proven that the pies had any causal connection with the illness. The mere possibility that the pies could have caused the illness was not sufficient to warrant submission of the case to the jury. See Ewing Von Allmen Dairy Co. v. Miller, Ky., 264 S.W.2d 862, where there was insufficient proof that the food contained the foreign substance which caused the injury.

It is unnecessary to determine whether the appellant, in the absence of an allegation of negligence on the part of the Bakery, had to prove that the Bakery manufactured the pies in order to establish privity of contract. Assuming that the appellant could have recovered without proving privity of contract, he would have had

to introduce evidence of probative value indicating that the pies, or some poisonous substance in them, caused the illness. This he failed to do. It follows that the trial court did not err in directing a verdict for the appellee.

Judgment affirmed.