**PHILADELPHIA BRIEF CASE COMPANY, a partnership, Plaintiff,**

**v.**

**SPECIALTY LEATHER PRODUCTS CO., Inc., a corporation, Defendant.**

**Civ. A. No. 325–55.**

United States District Court
D. New Jersey.

March 10, 1958.

Harold Markowitz, West Orange, N. J., Caesar & Rivise, Philadelphia, Pa., by

Max R. Millman, Philadelphia, Pa., for plaintiff.

Norman N. Popper, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

■ Defendant applies for attorney's fees in this patent litigation, where it was successful both on the trial and on appeal; Philadelphia Brief Case Company v. Specialty Leather Products Co., Inc., D.C.N.J.1956, 145 F.Supp. 425; 3 Cir., 1957, 242 F.2d 511. The statute in that regard, 35 U.S.C. § 285, provides:

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."

In short, the award of attorney's fees in patent cases is the exception, not the rule, the exception to exist where there is "unfairness or bad faith", or the like, on the part of the unsuccessful party, Park-In Theatres v. Perkins, 9 Cir., 1951, 190 F.2d 137, 142, cited with approval in Pennsylvania Crusher Co. v. Bethlehem Steel Co., 3 Cir., 1951, 193 F.2d 445. That "unfairness or bad faith" existed on the part of the unsuccessful plaintiff here, in bringing its suit, is clear from the opinions both in the District Court and on appeal. Hence, had defendant applied timely, the award of attorney's fees to it would appear to have been warranted.

■ The difficulty is that the court records show that defendant's application for attorney's fees was not filed until two days after notice of appeal was filed by plaintiff under F.R.C.P. 73(b), 28 U.S.C.A. The filing of this notice of appeal terminated all proceedings in the District Court for attorney's fees or otherwise, and left in the District Court authority only to take the necessary steps to transmit the record in the case to the Third Circuit Court of Appeals, with ancillary matters, Moore's Fed. Practice, 2d ed. § 73.13. Of course, if, as intimated by defendant, plaintiff's then, not present, counsel, from another jurisdiction, breached his understanding with defense counsel, not to enter judgment and appeal

therefrom until later, that is another matter. But that is not now, though it may yet be, established.

■ Defendant further contends that, regardless of whether or not it noticed its motion for attorney's fee before or after the filing of the notice of appeal, its present application for counsel fees is timely, even after remand from the Third Circuit Court of Appeals. In support of this contention, defendant cites Signal Manufacturing Company v. Kilgore Manufacturing Company, 9 Cir., 1952, 198 F.2d 667; Middleton v. Wiley, 8 Cir., 1952, 195 F.2d 844; Maddrix v. Dize, 4 Cir., 1946, 153 F.2d 274, 275. But in the first two of such cases such action is permitted by the court without discussion, and in the last case we deal not with a patent case but with a proceeding under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Here the Congressional intent as to the allowance of attorney's fees is found by the court to be directly contra to the Congressional intent in patent cases. In patent cases, as above, attorney's fees are not to be allowed as a matter of course, but only "in exceptional cases". On the contrary, under the Fair Labor Standards Act the *Maddrix* case shows that "Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs." Of course, the courts must effectuate this intent by permitting action after, as well as before, an appeal.

The only case that discusses the present question is Laufenberg, Inc., v. Goldblatt Brothers, Inc., 7 Cir., 1951, 187 F.2d 823. There, as here, plaintiff in the patent litigation lost both in the District Court and on appeal. After the appeal and remand, the successful defendant asked to be allowed attorney's fees. The Seventh Circuit first quotes the decision of the District Court therein to the effect that:

" 'I think it would be very bad practice if it is established in patent suits that the parties may litigate the question of infringement and validity through all the courts, and

then after that is all over, start in and litigate again on the question of whether the one or the other of the parties are entitled to attorney's fees, and if so, how much. I think that would be a very bad practice. I am not willing to start it.' " *Ibid.*, at page 824.

Thereafter the Circuit Court of Appeals adds:

"We think the trial court was correct in holding that under the circumstances of this case it had no jurisdiction to award attorney's fees at the late date when defendant made its motion therefor. We think the trial judge was entirely correct in showing an unwillingness to interpret the statute so as to require, in effect, that two lawsuits be prosecuted. The defendant argued for just that, stating that the issues of validity and infringement should first be determined and then after all appeals have been taken or the time for taking them has expired, that the court would be in the most favorable position to award attorney's fees.

"We hold that the statute means that if an award of attorney's fees is to be made by the trial court, the judge should do so either at the time of the entry of judgment or specifically reserve jurisdiction in such judgment to do so at some reasonable date after the time for appeal has expired, if in fact no appeal is taken, or, in case of appeal, at such reasonable time after all such appellate action has terminated and the mandate filed in the trial court. Although the award is discretionary, the trial court should make a specific finding to show the basis upon which the award of attorney's fees is made." *Ibid.*, at page 825.

Since the Congress intended that the allowance of attorney's fees in patent cases was to be the exception and not the rule, it would hardly seem consonant with this intent to permit this exception to create double litigation at a time when the attorney fee applicant could obtain his rights by acting promptly.

The present application will be denied. Counsel will present order on notice accordingly.