**MASLOW COOPERAGE CORPORATION,**
Appellant,

v.

**Joseph C. HOFGESANG et al., Appellees.**

Court of Appeals of Kentucky.

June 20, 1958.

Rehearing Denied Oct. 10, 1958.

S. L. Greenebaum, Charles F. Wood, Greenebaum, Barnett & Wood, Louisville, for appellants.

Ben B. Hardy, Ewing L. Hardy, Hardy & Hardy, Richard B. Crawford, Louisville, for appellees.

MONTGOMERY, Judge.

Maslow Cooperage Corporation was found guilty of forcible detainer of certain premises in Louisville, and Joseph C. Hofgesang and his wife were awarded possession by the judgment. The latter have moved to dismiss the corporation's appeal because of its failure to have fixed the amount in controversy, necessary to establish the jurisdiction of this Court. KRS 21.060 and KRS 21.070. The appeal is not prosecuted under KRS 21.080, according to the statement of appeal.

Appellant urges in opposition to the motion that its right to possession of realty for the unexpired portion of the term provided in a purported lease is not capable of monetary evaluation, and if so, the record shows the value of the leasehold interest to be in excess of $2,500. In support of the latter contention, reference is made to certain testimony concerning the estimated cost of improvements placed on the premises by appellant, the amount at which the premises were carried as assets on the books of the corporation, and an offer made to surrender the lease.

In Coyle v. Capital Engineering Services, Inc., Ky., 314 S.W.2d 541, a similar contention was adversely decided. It is there pointed out that many factors affect the establishment of the value of the right to enjoy possession of premises under an unexpired lease. To these may be added depreciation on the improvements made by the lessee. However, this case serves to illustrate the wisdom of the statute requiring a fixation by the trial court of the jurisdictional amount involved. The trial court is then acquainted with all of the elements in the case concerning such value and should be able to fix the value readily.

The purpose of the statute governing jurisdictional amounts is to afford an expeditious means of determining whether this Court has jurisdiction of the cause. If this Court has to familiarize itself with the entire record in each case in

order to determine whether it has jurisdiction, its work would be unreasonably burdened. The appellant could have requested the trial court to state in the judgment the actual value in controversy. KRS 21.070. It was pointed out in Rutherford v. Modern Bakery, Ky., 310 S.W.2d 274, that KRS 21.-070 directs that the judgment be construed with the pleadings—not with the evidence.

Appeal dismissed.