**Elizabeth COYLE, Guardian of Orin Howard Coyle, an Infant, Appellant,**

v.

**CAPITAL ENGINEERING SERVICES, Inc., Appellee.**

Court of Appeals of Kentucky.

June 20, 1958.

Herbert D. Liebman, Frankfort, for appellant.

Henry Meigs, Frankfort, for appellee.

MONTGOMERY, Judge.

Elizabeth Coyle, as the guardian of Orin Howard Coyle, an infant, appeals from a judgment holding her guilty of forcible detainer. Capital Engineering Services, Inc., has moved to dismiss the appeal for want of jurisdiction. The motion is based on a failure to show the value of the amount or thing in controversy.

G. S. Perkins, as owner of an undivided one-half interest in the premises, executed a lease to Wheeler Coyle, now deceased. Coyle was the owner of the other undivided one-half interest. Subsequently, Coyle and his wife, Elizabeth, conveyed to Perkins their interest in the property by a deed containing the following:

"It is the intention of the grantors, Wheeler Coyle and Elizabeth Coyle, his wife, to convey to G. S. Perkins by this instrument of writing all of their undivided one-half interest in and to the above described property, the said Wheeler Coyle and Elizabeth Coyle, his wife, upon the execution and delivery of this deed, to have no further right or interest in said property whatsoever."

The Coyles were divorced at the time of his death. Orin Howard Coyle, an infant, succeeded to his father's interest. Appellee is the successor in title to Perkins.

The forcible detainer proceeding between these parties was tried in the county court and resulted in a verdict for the appellant. A motion for judgment notwithstanding the verdict was sustained and judgment was entered for appellee. Appellant filed a traverse necessitating a determination of the case in circuit court.

Appellee then filed a motion for summary judgment based on the affidavit of its attorney, setting forth that the county court judgment was determined solely on a question of law and that the sole question in the case was one of law without substantial issue of fact and was based on the effect of the deed on the lease, copies of which were attached. No evidence was heard, no exhibits or depositions were introduced, and only the counter-affidavit of appellant's counsel was offered in opposition to the motion. The motion was resisted on the theory that the language of the deed was ambiguous. The circuit court held that the prior lease "was relinquished and terminated, * * * being merged in the * * * deed and reconveyed thereby to * * * Perkins." The record on appeal is based on the record in the circuit court which did not include the transcript of evidence heard by the jury in the county court.

The thing in controversy in this forcible detainer proceeding is the right to enjoy the possession of certain premises. Appellant claimed an unexpired interest under a purported lease. The value of such an interest is ascertainable. Such values are frequently determined in condemnation proceedings. Korfhage v. Commonwealth, Ky., 296 S.W.2d 476; City of Ashland, Kentucky v. Price, Ky., —— S.W.2d ——. Many factors enter into the determination of the value of an unexpired lease, including length of time remaining, rental rate, solvency of parties, etc. These should be considered by the circuit court in determining the value of the thing in controversy.

The statement of appeal recites that it is not being prosecuted under KRS 21.080. It is necessary to show the value of the thing in controversy in order to establish the jurisdiction of this Court to entertain the appeal. The burden of establishing jurisdiction is on the appellant. This Court is without jurisdiction to consider an appeal when the value of the thing in controversy is not affirmatively shown to be within its jurisdictional requirements. McLean v. Thurman, Ky., 273 S.W.2d 825; Mullins v. Hall, Ky., 273 S.W.2d 831; Eversole v. Combs, Ky., 287 S.W.2d 923; Hall v. Ferguson, Ky., 288 S.W.2d 628.

KRS 21.070 affords an appellant the right to have the trial court state in the

judgment "the actual value in controversy" when the judgment does not fix the value certainly when construed in connection with the pleadings. Roth v. Stauble, Ky., 313 S.W.2d 269. Considering the factors affecting the value of a lessee's interest under an unexpired lease and the absence from the pleadings and judgment in this case of anything indicative of value, the judgment cannot be construed to fix the value certainly, to use the words of the statute.

 Appellant has made a motion to remand this cause to the circuit court for a finding by it "regarding the jurisdictional amount involved". It is insisted that CR 75.08 permits correction by this Court of an omission by error or accident or misstatement in the record on appeal. CR 75.-08 concerns the correctness of the record on appeal when this Court has jurisdiction of the appeal. In the instant case, this Court does not have jurisdiction for the reason stated and, therefore, cannot consider the motion to remand.

Appeal dismissed.