**MASLOW COOPERAGE CORPORATION et al., Petitioners,**

**v.**

**Hon. Stephen S. JONES, Judge, Jefferson Circuit Court, Common Pleas Branch, 4th Division et al., Respondents.**

Court of Appeals of Kentucky.

Oct. 10, 1958.

Greenebaum, Barnett & Wood, Louisville, for petitioners.

Ewing L. Hardy, Louisville, for respondents.

CULLEN, Commissioner.

An attempted appeal by the Maslow Cooperage Corporation from a civil judgment against it was dismissed by this Court because there was no showing made, in accordance with KRS 21.060 and 21.070, that the amount in controversy was such as to confer jurisdiction on this Court. See Maslow Cooperage Corporation v. Hofgesang, Ky., 316 S.W.2d 126 (petition for rehearing overruled this day). While a petition for rehearing was pending, the corporation filed a motion in the trial court for an order to "correct" the judgment by stating therein the amount in controversy, in accordance with KRS 21.070. The trial judge advised the parties that he would overrule the motion, on the ground that he had no jurisdiction to correct the judgment while the case was pending in the Court of Appeals on petition for rehearing. The corporation then instituted the present original proceeding in this Court, seeking an order of mandamus to compel the trial judge to take jurisdiction of the motion to correct the judgment.

As we view the matter, it is immaterial whether or not the trial court has jurisdiction to pass on the motion, because in any event effective relief could not be granted on the motion.

The petitioner bases its right to relief on CR 60.01 and 60.02(6). The first of these two rules authorizes the correction of "clerical mistakes" in a judgment. One reason why this Rule is not available is that the omission from the judgment of a statement of the amount in controversy is obviously not a clerical mistake, but is simply the result of the failure of either party to request that such a statement be made in the judgment. Under KRS 21.070 such a request is required.

Even if it should be considered that the missing statement could be supplied by way of correction of a "clerical mistake" under CR 60.01, this would be of no avail to the petitioner because the time for taking an appeal from the original judgment has long since expired, and correction of the judgment by insertion of a statement of the

amount in controversy could not operate to revitalize the judgment in such a way as to start anew the running of the period for taking an appeal.

 The second rule relied upon, CR 60.02(6), authorizes modification of a judgment for a "reason of an extraordinary nature justifying relief from the operation of the judgment." This Rule furnishes no basis for granting the motion in question because, first, the motion does not seek "relief from the operation of the judgment," but merely the supplying of a jurisdictional requirement for appeal purposes, and second, the circumstances are not so extraordinary or unusual, and do not impose such undue hardship, as to justify the invoking of the rule. See Clay, CR 60.02, Comment 7.

The petition for an order of mandamus is denied.