**Mabel Carter HOY, Appellant,**

v.

**NEWBURG HOMES, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1959.

As Modified on Denial of Rehearing

June 19, 1959.

Willie C. Fleming, Louisville, for appellant.

Thomas C. Carroll, Louisville, for appellee.

MONTGOMERY, Chief Justice.

Mabel Carter Hoy seeks to appeal from a judgment quieting the title of Newburg Homes, Inc., to certain real estate. The judgment was entered on March 6, 1958. Notice of appeal was filed on March 28, 1958. On April 14, 1958, motion was made to have the court fix the value of the thing in controversy. KRS 21.070. The motion was overruled.

Newburg Homes, Inc., has moved to dismiss the appeal because the motion made pursuant to KRS 21.070 was not timely made and because under KRS 21.080 it was not shown that the amount in controversy is as much as $200.

■ The method of taking an appeal is prescribed by CR 73, which substantially follows Fed.Rules Civ.Proc. rule 73(a), 28 U.S.C.A. Clay, CR 73 Comment 1. The federal rule is that the filing of the notice of appeal "perfects" the appeal and vests jurisdiction of the case in the appellate court. Moore's Federal Practice, 2d Ed., Vol. 7, Section 73.13, page 3157; Daniels v. Goldberg, D.C.N.Y.1948, 8 F.R.D. 580. Under this rule, where notice of appeal is timely filed, delay in taking some step ancillary to the appeal will not defeat jurisdiction of the appellate court to hear the case. W. H. Lalier & Co. v. C. E. Jackson Co., D.C.Mass.1948, 75 F.Supp. 827; Philadelphia Brief Case Company v. Specialty Leather Products Co., Inc., D.C.N.J.1958, 160 F.Supp. 153.

■ Where the thing in controversy is susceptible of a monetary evaluation, the amount is ascertained according to the provisions of KRS 21.070. McLean v. Thurman, Ky., 273 S.W.2d 825; Rutherford v. Modern Bakery, Ky., 310 S.W.2d 274. The burden is on the party seeking to appeal to

**302**

establish that the appellate court has jurisdiction by utilization of the procedure in KRS 21.070. It is essential that the monetary value be fixed so that the jurisdiction of the appellate court will be established prior to the filing of the notice of appeal. Coyle v. Capital Engineering Services, Inc., Ky., 314 S.W.2d 541. The motion to fix the value cannot be considered ancillary. This omission cannot be supplied during the pendency of the appeal since the omission amounts to a failure of jurisdiction in the appellate court. Maslow Cooperage Corporation v. Hofgesang, Ky., 316 S.W.2d 126; Maslow Cooperage Corporation v. Jones, Ky., 316 S.W.2d 860.

The motion for an appeal under KRS 21.080 must fail, obviously, for failure to show the proper jurisdictional amount. Smith v. Moss' Adm'r, Ky., 301 S.W.2d 2; Davenport v. Martin, Ky., 310 S.W.2d 775.

Appellant contends the trial court should have permitted him to amend his complaint to conform to the evidence which would show the jurisdictional amount. The motion to amend was made after filing the notice of appeal, and after the time limit within which a notice of appeal could have been filed. In Monsour v. Humphrey, Ky., 324 S.W.2d 813 we pointed out that the filing of the notice of appeal transfers jurisdiction to this Court and the circuit court is thereby deprived of jurisdiction. Therefore, assuming the motion to amend was not otherwise too late, the circuit court could not entertain it.

Appellant cites Alderman v. Elgin, J. & E. Ry. Co., 7 Cir., 125 F.2d 971. This case involved federal jurisdiction of the entire controversy and not appellate jurisdiction with which we are here concerned. This is a significant distinction, but in any event we are not inclined to sanction this proposed method, both devious and untimely, of curing a fatal jurisdictional defect.

The motion to dismiss the appeal is sustained and the appeal is dismissed.