James William MICHAEL, Appellant,

v.

Stratton STINNETT et al., etc., Appellees.

Court of Appeals of Kentucky.

March 10, 1961.

Gess, Mattingly, Saunier & Atchison, Charles Richard Doyle, Lexington, for appellants.

Miller & Griffin, Lexington, for appellees.

Henry J. Cook, U. S. Atty., Jean L. Auxier, Asst. U. S. Atty., Lexington, for the Review Committee.

CLAY, Commissioner.

This is an attempted appeal from a judgment of the Fayette Circuit Court confirming the action of the Fayette County Agricultural Soil Conservation Review Committee which fixed the tobacco acreage allotment on appellant's farm at 2.05 acres. Federal statutes and regulations govern the method of determining acreage allotments. 7 U.S.C.A. § 1361 et seq. An appeal to a state circuit court is authorized by 7 U.S.C.A. § 1365. The right of appeal to this Court is challenged by a motion to dismiss on the ground that neither the pleadings nor judgment in the circuit court show an amount in controversy sufficient to give this Court jurisdiction under KRS 21.060 or 21.080.

In recent years we have repeatedly pointed out the necessity for the appellant to establish a sufficient jurisdictional amount in controversy to give us appellate jurisdiction under those statutes. See Clay, CR 73.01, Comment 6, page 179 (1960 Supplement). Mullins v. Hall, Ky., 273 S.W.2d 831; Eversole v. Combs, Ky., 287 S.W.2d 923; Maslow Cooperage Corp. v. Hofgesang, Ky., 316 S.W.2d 126; Hoy v. Newburg Homes, Inc., Ky., 325 S.W.2d 301.

In certain exceptional cases where the thing in controversy is not translatable into a monetary valuation, jurisdiction may be taken even though a specific amount involved is not shown. McLean v. Thurman, Ky., 273 S.W.2d 825; Stone v. Stone, Ky., 275 S.W.2d 910; Commonwealth ex rel. Allphin v. Sandmann, Ky., 280 S.W.2d 155. Appellant contends this case falls within that special class. However, in an attempt to have the circuit court fix the jurisdictional amount under KRS 21.070, he showed by affidavit that the additional acreage allotment in controversy had an ascertainable monetary value, and even without such showing on his part, such fact is evident. Appellant did not take steps to have the jurisdictional amount fixed under KRS 21.070 until over a month after he had filed his notice of appeal, which was much too late. Hoy v. Newburg Homes, Inc., Ky., 325 S.W.2d 301.

The appeal is dismissed.