COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Inez B. RHEA, Widow, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 29, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Louis J. Amato, Frankfort, Dandridge F. Walton, Department of Highways, Madisonville, for appellant.

William M. Deep, King, Deep & Branaman, Henderson, for appellee.

STEWART, Judge.

In this highway condemnation proceeding the landowners recovered $16,000 from the Commonwealth of Kentucky, Department of Highways, $13,500 for 3.5 acres of land taken and $2500 for damages to the land not taken. (This case was tried before Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844.) The property taken includes all the improvements and is carved out of a 24-acre tract. The Department appeals.

Three grounds for reversal are urged: (1) That the testimony of the landowners' witness, Robert Wilson, in respect to the damages assessed by him to the remainder, should have been stricken; (2) that the resulting damages to the land of $2500 awarded to the landowners is not supported by the evidence; and (3) that the verdict is based upon incompetent evidence.

The first two grounds will be discussed together, as they concern the jury verdict as to damages to the remainder. Robert Wilson, testifying in behalf of the landowners, estimated such damages at $4000. His proof as to this item is predicated upon the fact that the Department acquired a permanent easement of .62 of an acre for the purpose of changing a six-foot drain-

age ditch to one that will ultimately be 17 feet across and four feet deep. He believed the construction of this ditch across the front of this property would materially diminish the value of the balance of the land not condemned.

Aside from Wilson, two other witnesses, Melvin Hunt and Woodring Fryer, testified for the landowners. Although neither of them made any appraisal of damages to the land not taken, each stated that a fill three and one-half feet high, which the new highway will have, will result in raising the highway level above the present *ground* level. It was their view this would reduce the value of this property because it would be less desirable. W. J. Rhea, Jr., one of the landowners, testified the land taken left no suitable location of another house to be built "back up on a level or above the highway like any other farm home." His opinion was the damages to the rest of the land were $12,030.

■■ We conclude Robert Wilson's estimate as regards the damages to the remainder of the land was admissible. We also are of the opinion the allowance of $2500 in damages for this item is sustained by the evidence.

■ The final contention is that the property involved was "strip appraised" in that an imaginary area of a certain depth along the front was laid out and given the highest and best use, and the remainder of the 24 acres was given another highest and best use. A value was allocated to each in order to place the property acquired in the portion carrying the highest value. It is argued this approach furnished a false standard for arriving at the values found by the jury and incorporated in their verdict.

It is shown the land involved is located two and three-tenths miles south of the City of Henderson, and the proof is to the effect that the 24 acres, out of which the land for the highway is taken, was suitable for potential commercial, residential and light industrial purposes.

We beieve the method mentioned which the landowners pursued in appraising their property was approved under similar circumstances in Commonwealth, Department of Highways v. Merrill, Ky., 383 S.W.2d 327.

Wherefore, the judgment is affirmed.