**Clyde A. ROWLAND and wife, Hilda F. Rowland, Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

May 5, 1967.

John C. Lovett, Benton, for appellants.

Robert Matthews, H. C. Smith, Frankfort, Richard Weisenberger, Paducah, for appellee.

HILL, Judge.

This is an appeal by motion from a $2,000 judgment in a highway condemnation proceeding to acquire 0.88 of an acre of appellants' land, located in Calloway County one mile north of Murray, for use in widening and improving US 641 between Murray and Benton.

■ Appellants have proceeded by motion for appeal apparently under the impression that the amount of the judgment controls a procedure on appeal. It is not the amount of the judgment but the judgment and pleadings that determine the procedure on appeal. KRS 21.070; Rutherford v. Modern Bakery, Ky., 310 S.W.2d 274 (1958); Maslow Cooperage Corporation v. Hofgesang, Ky., 316 S.W.2d 126 (1958); and Commonwealth, Department of Highways v. Barker, Ky., 379 S.W.2d 481 (1964). Inasmuch as appellants' pleadings (exceptions filed in the county court) are not in the record, we proceed to consider the case on its merits on appellants' motion for appeal, which was heretofore sustained.

As we interpret appellants' brief, two grounds are assigned for reversing the judgment. First, appellant contends the trial court erred in directing the jury to disregard appellants' dwelling (commenced during early planning of the highway and completed during construction); second, the trial court erred in its admonition and instruction not to consider appellants' access to the new highway.

Before discussing the questions raised, it is considered appropriate to state the material facts. Appellant owned a tract containing 15 acres of land of which 0.88 of an acre was taken by appellee. The tract is bisected by a creek 15 to 20 feet wide. A residence was under construction on the portion on the north side of the creek at the time of the taking. The portion south of the creek was lowland without any improvements. A county road runs adjacent to the north tract and is within about 25 feet of the dwelling.

■ First to the contention of appellants that the trial court erred in directing the jury "not to consider any enhancement due to the construction of the dwelling, and not to consider any diminution in the value of the dwelling.". Taken in context, the import of the admonition was not that the presence of the house could not be considered, but that the house could not be treated separately. The court made it abundantly clear throughout the trial that compensation was to be awarded on the basis of the value of the whole property before the taking as against its value afterward.

Appellants argue that appellee was guilty of "bad faith" and "misled" them in connection with the location and construction of a dwelling house on the north (of the creek) tract. Appellants rely on Commonwealth, Department of Highways v. Morris, Ky., 320 S.W.2d 309 (1959) and Sandy Valley & E. Ry. Co. v. Bentley, 161 Ky. 555, 171 S.W. 178 (1914).

The Morris opinion, supra, stands for the proposition that "(t)he inception of condemnation proceedings does not impose any legal restrictions on the land; the owner can sell it, and he is entitled to compensation for buildings or crops started with knowledge of the situation"; that "a condemnation proceeding does not impose upon the party seeking to condemn the absolute obligation of taking the property and, because of that fact, * * * so long as a person acts in good faith in an ordinarily prudent manner, he should not be deprived of the value of reasonable improvements made even after the action is instituted."

■ It should be kept in mind that the opinion in Morris predated our opinion in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963), by four years. Sherrod does no violence to the rule in Morris but sets guidelines for ascertaining "just compensation" by the well-settled "before" and "after" value formula. Of course, either side in a condem-

nation trial has the right to ask all witnesses whether they considered specific items in arriving at their "before" and "after" values. Indeed counsel for appellants made this statement to the trial court with relation to the condition of the dwelling: "The reason I asked the question your Honor, was to find out whether he did consider the existence of the house in making his estimate." This comment was made during the questioning of one of appellants' witnesses, J. O. Patton, who was shortly thereafter asked and answered as follows:

"56. That was my next question. Did you take into consideration any damage to that partially constructed house in making your appraisal? Or did you limit your appraisal just to the land, itself?

"A. I made an appraisal on the entire property. House and all.

"57. As it was on the date of taking?

"A. Yes."

■ We conclude the evidence and instructions correctly followed the rule announced in Sherrod, supra, and that no prejudice resulted to appellants from the trial court's ruling and admonitions on the evidence offered.

■ Appellants next claim error in the trial court by the admonition to the jury not to consider the raise of the elevation of the highway along appellants' property. Here we get to the right of access of property owners through whose property roads are constructed or improved. This right was recently defined in Commonwealth v. Carlisle, Ky., 363 S.W.2d 104, 107 (1963), wherein this court said:

"Coming now to the matter of true access rights, it is our opinion that the only access right the landowner has is a right of reasonable access to the highway system. * * * Access is subject to control under the police power, so the test of reasonableness involves measuring

the benefit to the owner against the hazard and danger to the traveling public."

See also Commonwealth v. Jackson, Ky., 302 S.W.2d 373 (1957).

In the instant case, appellants have access to a county road at the north end of the tract, which is considered "reasonable" access.

Complaint is made of the placing of guardrails along the fill. Here again we have the "benefit to the owner" pitted against "the hazard and danger to the traveling public," which we conclude was properly resolved against the appellants. It should be recalled that the highway in question is not a limited access highway.

By the construction of the fill, the entrance to appellants' property was discontinued, but within a few feet therefrom appellants have access to the county road referred to above. In Commonwealth v. Adkins, Ky., 396 S.W.2d 768 (1965), this court said: "Ordinarily this question (reasonableness of access) should be resolved by the court as a matter of law * * *."

We return to the question of "access" to note the citation by appellants of Commonwealth v. Merrill, Ky., 383 S.W.2d 327, 329, (1964), wherein it is contended by appellants that the rule in Carlisle, supra, has been watered down or modified. In Merrill, it is true the access to Merrill's remaining lands was specifically condemned for a nonaccess highway, but the opinion in Merrill cites Carlisle and goes further to note that the trial was had before Sherrod. Furthermore, it was said in Merrill:

"The Commonwealth condemned approximately 5,500 feet of valuable frontage on two heavily travelled highways to build its nonaccess bypass and interchange as well as some frontage on Kimsey Lane. In view of the evidence of the value of similar nearby land and considering that the land taken is on the very edge of Henderson and that the

commercial desirability of the remaining land is now practically destroyed and its residential adaptability is considerably lessened, we cannot say the award was given as a result of passion or prejudice or that it is excessive as a matter of law."

It is concluded the present case was tried according to the ground rules approved by this court in Sherrod, supra. The amount of the verdict is within the range of the evidence and will not be disturbed for it does not appear at first blush to have been inadequate or rendered as a result of prejudice or passion.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, STEINFELD and PALMORE, JJ., concur.

OSBORNE, J., not sitting.