**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**William C. NICKELS et al., Appellees.**

Court of Appeals of Kentucky.

June 14, 1968.

Victor W. Ewen, Jones, Ewen, Mackenzie & Peden, Louisville, for appellant.

William A. Miller, Josephine Hughett, Hughett, Hughett & Hughett, Walter E. Lally, Louisville, for appellees.

CULLEN, Commissioner.

Allstate Insurance Company has appealed from a judgment which declared that on October 11, 1959, a policy of automobile liability insurance which it had issued to appellee William C. Nickels was in full force and effect and covered the liability of Nickels, if any, to three named persons who had sued Nickels for damages alleged to have arisen out of an automobile accident involving Nickels and the three named persons which occurred on October 11, 1959; that Allstate was required to defend the actions by the three claimants and to pay any judgments they might obtain up to the limits of the policy. Allstate's contention on appeal is that its policy had been cancelled and was not in force on October 11, 1959.

Upon examining the statement of appeal we do not find a statement of the amount in controversy, as is required by RCA 1.090. From the pleadings and judgment there is no showing of the amount in controversy. The pleadings allege only that three persons have sued Nickels for damages arising from an accident on October 11, 1959, involving their vehicles and Nickels'. There is no allegation as to how much damages are sought in those suits, or even whether the suits seek recovery for personal injury or only for property dam-

age. Obviously, the amount in controversy is the amount sought to be recovered in those suits, plus the cost of defending the suits. There is no showing of what that amount is, and we cannot take judicial notice that it must be as much as $2,500 (for all the record shows the three claimants may be suing for $100 apiece).

▪ Where the lack of jurisdictional amount comes to the attention of the court the appeal will be dismissed sua sponte. Mullins v. Hall, Ky., 273 S.W.2d 831; Hargis v. Dearborn, Ky., 348 S.W.2d 833.

The appeal is dismissed.

All concur.